## BIXBY VS. THE STATE.

The court will, of its own motion, for the affirmance of the judgment, award a writ of certiorari, to perfect the record, *where the venue has been changed*, to the court in which the cause originated.

In the examination of a witness in a criminal case, he may be asked whether he had stated to certain persons that he was going to the trial "to have the prisoner hung, that he had lived long enough."

Exceptions taken to the admission or exclusion of testimony in a criminal case, are waived by a motion for new trial, not incorporating the matter of such exception as cause for the motion: but although such cause be assigned in the motion for new trial, this court will not reverse the judgment for such error, if there be other testimony sufficient to warrant the verdict.

In motions for new trial, upon the ground of newly discovered testimony, some discretion is vested in the judge presiding at the trial, who has an opportunity of judging whether they are made for delay or in good faith. They ought to show that the newly discovered testimony would induce a different result; and the application ought to be corroborated by the affidavit of some disinterested witness.

### *Error to Hempstead Circuit Court.*

Hon. SHELTON WATSON, Circuit Judge.

S. H. HEMPSTEAD, for the plaintiff.

CLENDENIN, Attorney General, contra.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

This writ of error returnable to the present term, brings up the record of the conviction of David Bixby, in the Hempstead Circuit Court, of murder in the second degree, for which offence he was sentenced to, undergo confinement in the penitentiary for a term of years. The indictment had been preferred in the

county of Pike, where the offence was committed, and the venue
changed to the county of Hempstead, pursuant to the statute,
upon the application of the prisoner, setting forth a prejudice
against him in the minds of the people of Pike county. The tran-
script returned with the writ of error failing to show the proceed-
ings had in the Pike Circuit Court, for the empanneling of the
grand jury, by whom the indictment was found, and the court
here presuming that such proceedings were had in the Pike
Circuit Court, where the original record remains, ordered ex-
officio, in accordance with the intimation in *Stewart vs. The
State*, 13 *Ark.* 745, and for the affirmance of the judgment, a
special certiorari to the clerk of that court, to supply the omis-
sion. The copy of so much of the original record, returned with
the writ, showing a legally constituted grand jury, at the term
at which the prisoner was indicted, obviates one of the errors
assigned by him in this court.

During the progress of the trial, the prisoner, on cross-exami-
nation of one of the witnesses on behalf of the prosecution, pro--
posed to ask him the following question, viz: "Whether he had
stated to Hardy C. Crosnol, Joseph Nelson, and Augustus Leslie,
or either of them, since he left home, to attend this trial, that
he was coming to Washington, to have the defendant hung,
that he had lived long enough?" The attorney for the State ob-
jected, and the objection being sustained, the prisoner reserved
his exception to the opinion of the court, refusing to allow the
question to be put. This feature is the only one of any serious
difficulty in the cause, and if it had to be determined on strict
exceptions in point of law, the court could not do otherwise than
hold that an error had been committed against the prisoner, for
which the judgment should be reversed. The witness himself
could not have objected to the question, neither was it foreign
or collateral to the issue, but was proper to be answered for the
benefit of the prisoner, as it might result in one of two ways. An
affirmative answer would tend to establish a fact from which
the jury might infer prejudice or ill will, on the part of the wit-

ness, which ought to be taken into consideration by them in weighing his testimony against the prisoner. If answered in the negative, a foundation would be laid for enabling him to impeach the witness, if he could, by proving the answer to be false.

But the prisoner moved for a new trial, the only grounds for which, assigned in the motion, are: 1st, That the verdict of the jury rendered in the cause was contrary to law. 2d, That it was contrary to evidence. 3d, Newly discovered testimony supported by the affidavit of the prisoner. Although upon the authority of *Bivens vs. The State*, 6 *Eng.* 457, the motion for new trial would not be a waiver of any matter not specified in it, which appearing upon the record, would have been cause for motion in arrest, or might be assigned for error in this court, that case admits the authority of *Walker vs. The State*, 4 *Ark.* 87, to this extent, that the effect of a motion for trial, in a criminal, as well as in a civil case, is to cut out all exception that had been put in during the progress of the trial, unless the matters excepted to be incorporated in, and thus renewed by, the exception to the decision of the court overruling the motion. See *State Bank vs. Conway*, 13 *Ark.* 354. And the court have uniformly held the motion for new trial to be a waiver of exceptions not thus renewed. The presumption is, that the party placing them upon the record, chose to abandon them as unimportant or untenable.

However, if that error had been assigned as one of the grounds of the motion for new trial, it is doubtful whether it would be sufficient to occasion a reversal of the judgment in the present case. In adopting that mode of bringing up his case for revision, the evidence is set out upon the record at the instance of the prisoner, and the object of this cannot be a mere matter of form, but to serve some substantial purpose by enabling this court to look into the whole record. It appears, from the bill of exceptions, that there were several witnesses for the prosecution, and that compared with the others, whose testimony is detailed, the witness to whom the excluded question was proposed, was unimportant, so that his entire testimony might have been

stricken out, without materially weakening the case made for the prosecution, or strengthening that of the accused.

In determining motions for new trial, upon the ground of newly discovered testimony, some discretion is vested in the judge presiding at the trial, because of his opportunities of forming a correct opinion whether the application be made in sincerity and good faith, or whether it is the last shift resorted to by an unscrupulous criminal, to evade the punishment of an offence of which he is found guilty, after availing himself of all the means liberally provided by law for securing a fair and impartial trial. On the face of the application, two reasons appear why it ought not to prevail in this court. We are unable to conclude that the newly discovered testimony, if adduced before another jury would change the result; and the ground of the motion fails unless there is reason to believe that it would or ought to induce a different verdict. The full responsibility of this consideration devolved upon the Circuit Judge, and the presumption is that his discretion was rightly exercised. Further, the application was based upon the uncorroborated affidavit of the prisoner. If, as he alleged, the newly discovered witness, of whom he did not hear until after the commencement of the trial, lived at so great a distance, that it was impossible to procure her attendance, no excuse is offered for not producing the corroborative affidavit of some disinterested person, through whom the information was communicated to the prisoner, so that it could at least be seen whether it was derived from the witness, or was mere report, intangible and unreliable. It is not doubted but that the State may, under some circumstances, adduce counter affidavits upon applications of this kind; but there can be no means of repelling the statements of the prisoner, so long as he relies only upon his own belief, and the sources of his information are kept concealed.

The judgment is not affected by the error complained of, in the allowance of certain items of costs, against the prisoner, which, if wrong, could be corrected by a motion for retaxation in the court below. Affirmed.