The opinion of the Court ivas delivered by
Levy, J.
The accused were indicted for the crime of murder, were tried and convicted of manslaughter. Amotion for a now trial was made by both the accused, which was granted as to Young and denied as to Barbo. A nolle proseguí was entered as to Young, and Barbo was sentenced to imprisonment at bard labor in the State penitentiary for the term of five years. From this sentence and judgment Barbo has appealed.
The record contains no bill of exceptions, and no formal assignment of errors, and appellant relies, for a reversal of the judgment on the the alleged error of the Judge a guo, in denying the motion for a new trial. The record has no evidence in support of that motion, which is based alone on the affidavit of the accused, and sets forth that, since, the trial, he has discovered new evidence, and would, in the event of a new trial, prove by a witness, who would be then produced, that one of the witnesses on the part of the State, had, previous to the trial, made statements in regard to the case differing materially from those which he made under oath, as a witness on the trial, and that these first mentioned statements were favorable to the accused, while the last mentioned were adverse to him.
The motion is not sustained by the affidavit of the witness himself, nor is the failure to furnish it explained or accounted for, which, according to the authorities, is necessary. Besides, there is nothing to show that even if this testimony were given on the new trial, the result *347 of the former one would bo changed. It has, too, been frequently held that newly discovered evidence, tending to impeach or discredit a witness who has testified in the case, affords no ground for setting aside a verdict, and granting a new trial.
“ When the object is to discredit a witness on the opposite side, the general rule is that a new trial will not be granted.” Wharton Crim. Law, (Practice) § 3354, and authorities cited in note n.
“ The application for a new trial on the ground of newly discovered evidence, must be corroborated by the affidavits of other persons than the accused, and if possible, those of the newly discovered witnesses themselves.” Arch. Cr. Pr. and Pl., p. 652: 8 Engl. Ark. Rep. 360; 6 Geo. 276; 10 Geo. 511; 15 Ark. 395; 7 Put. Ind. Rep. 535; 9 Ib. 264; 3 How. Miss. Rep. 422; Waterman’s Dig. p. 459.
The other ground set forth in the motion, viz : that the State failed to prove a conspiracy between the two accused parties, and by whom the fatal wound was inflicted, is wholly unsupported by the record, and was a question of fact within the province of the jury, with which we have nothing to do, especially in the absence of bills of exceptions, and we are without any right to enter into its consideration.
The judgment appealed from is affirmed.