MARSHALL *v.* STATE.

4445                                           200 S. W. 2d 491

Opinion delivered March 24, 1947.

*Frederick U. Andres,* for appellant.

*Guy E. Williams,* Attorney General and *Earl N. Williams,* Assistant Attorney General, for appellee.

McHANEY, Justice. Appellant was charged by information with unlawfully and willfully operating a taxicab for hire as a common carrier in the transportation of passengers by motor vehicle, beyond the corporate limits of the City of North Little Rock, Arkansas, and without the confines of a zone adjacent to and extending

more than five miles beyond the corporate limits of said city, and over State Highways 64 and 22 to Paris, Arkansas, without first having obtained a certificate of convenience and necessity from the Public Service Commission, authorizing such operation, in violation of Act 367 of 1941. He was tried in the justice court in Paris, was convicted and appealed to the circuit court, where he was again convicted, fined $25 and has appealed to this court.

The facts were stipulated in the circuit court and are as follows: 1. On September 28, 1946, the defendant, Virgil Marshall, a taxicab driver in the employ of the North Little Rock Transportation Company, picked up a passenger for hire in Pulaski county in a cab operated by the company, and transported the passenger to Paris, Arkansas, a distance of approximately 120 miles, without having obtained a permit from the Public Service Commission of the State of Arkansas.

2. The cab so used is regularly operated as a taxicab in the City of North Little Rock and had appended to it a regular State (For Hire) license.

3. The North Little Rock Transportation Company is engaged in the business of operating a taxicab in North Little Rock.

4. On October 3, 1946, the defendant was found guilty before J. B. Nicholas, justice of the peace of Short Mountain township, Logan county, of violating Act 367 of 1941, in not having a permit of the Public Service Commission to operate outside the limits of North Little Rock, and said conviction was appealed to this (Logan Circuit) Court.

Section 6 (a) of said Act 367, generally referred to as the "Arkansas Motor Carrier Act, 1941," prescribes the "general duties and powers of the Commission. Subsection (5) of § 6 (a) makes it the duty of the Commission "To administer, execute and enforce all other provisions of this act; to make all necessary orders in connection therewith, and to prescribe rules, regulations, and procedure for such administration." Section 22 (a)

is the penalty section for unlawful operations, and provides that: "Any person knowingly and willfully violating any provision of this Act, or any rule, regulation, requirement, or order thereunder—shall, upon conviction thereof, be fined not more than $100—."

The Commission has made no "rule, regulation, requirement or order" attempting to regulate taxicabs in rendering service, such as is here involved, or in any other respect, a fact of which we take judicial notice. In *K. C. S. Ry. Co.* v. *State,* 90 Ark. 343, 119 S. W. 288, we held: "When a statute authorizes executive officers to make general rules for the conduct of public business, and such rules are duly made and published, the courts will take judicial notice of them." Citing cases. In fact the Commission has held that it had no jurisdiction in such cases, under § 9 (a) of said Act. Whether the Commission was right or wrong in so holding we do not now determine. If wrong, a judicial review could have been had under the last proviso of § 7 (a) of said Act which is: "And provided further that where the Commission, in respect of any matter arising under this Act, shall have issued a negative order solely because of a supposed lack of power, any such party in interest may file a bill of complaint in the Chancery Court of Pulaski county, and such court, if it determines that the Commission has such power, may enforce by writ of mandatory injunction the Commission's taking of jurisdiction."

But whether the Commission was right or wrong in this respect, certainly appellant cannot be convicted of "Knowingly and willfully" violating the Act, "or any rule, regulation or order thereunder," when the Commission has made no rules, regulations or orders regulating taxicabs and has itself disclaimed jurisdiction to do so.

Criminal and penal statutes must be strictly construed, and no case may be brought by construction within the statute unless it is completely within its terms. *Giles* v. *State,* 190 Ark. 218, 78 S. W. 2d 70. Here appel-

lant has been convicted of driving a taxicab and fare paying passenger from North Little Rock to Paris, Arkansas, without a certificate of convenience and necessity, when it is shown that he could not have procured such certificate from the Commission had he applied therefor. We do not think he can be penalized under the facts here presented.

The judgment is, therefore, reversed and the cause dismissed.