BODNER *v.* STATE.

4720                                    254 S. W. 2d 463

Opinion delivered February 2, 1953.

*Sam Goodkin,* for appellant.

*Ike Murry,* Attorney General, and *George Lusk, Jr.,* Assistant Attorney General, for appellee.

J. SEABORN HOLT, J. October 29, 1951, appellant was found guilty in the Municipal Court of the City of Fort Smith, of illegally possessing intoxicating liquors for sale, and on appeal to the Circuit Court was found guilty by a jury April 22, 1952, and her punishment fixed at a term of six months in jail with recommendation that sentence be suspended pending good behavior. The trial court followed the jury's request.

It appears that on March 7, 1952, prior to the date of the suspended sentence, on petition of the Prosecuting Attorney, it was found by the Circuit Court that appellant's residence was being used in the sale of intoxicating liquors in violation of § 34-101, Ark. Stats. 1947, declared said premises a nuisance, and issued a restraining order against appellant (and her husband) from ''conducting, maintaining, carrying on or engaging in the sale of intoxicating liquors at or upon the hereto-

fore described property, which is their dwelling, but permitted the defendants to reside upon the premises.''

It further appears undisputed that on July 10, 1952, subsequent to the date of appellant's suspended sentence (April 22, 1952) and the date injunction was issued (March 7, 1952) appellant was convicted in the Municipal Court of possessing intoxicating liquors for sale on the same premises to which the injunction above applied.

July 15, 1952, trial was had in the Circuit Court on petition of the Prosecuting Attorney alleging, in effect, that appellant had violated the above injunctive order of March 7, 1952, and praying that she be required to show cause why she should not be judged in contempt and her suspended sentence above revoked. After a hearing, appellant appearing without counsel, the court found appellant guilty of contempt, that she had violated the injunctive order and ''that the behavior of the defendant was of such a nature that the heretofore suspended sentence granted in the above mentioned cause is hereby ordered to be set aside; that said dwelling is being used as a place of business and the operation of the same is a nuisance; that the front door on said dwelling shall be nailed, securely closed and barred and that ingress and egress is prohibited through same and that the Sheriff take the proper procedure to carry out said order; that the defendant's heretofore suspended sentence of six (6) months is set aside and she be committed to the Sebastian County jail, Fort Smith, Arkansas, until further order of this Court, or until said sentence has been served.''

For reversal, appellant contends ''that the evidence was insufficient to hold her in contempt of court, and that the court abused its discretion in revoking her suspended sentence.''

We do not agree. We find the evidence ample to support the court's findings that the injunction had been violated, that the suspended sentence should be revoked, and the judgment that followed.

In addition to the undisputed proof that appellant violated the injunctive order of March 7th when she was

convicted July 10, 1952, of possessing illegally intoxicating liquors for the purpose of sale, there was other evidence that subsequent to the date of the injunction a large number of automobiles, including taxicabs, came and went from appellant's premises at practically all hours; that twelve or fifteen cars would come and go within an hour, some staying for some ten or fifteen minutes, and others going in and leaving almost immediately. One of these cars which left appellant's house contained twelve cold cans of beer and a pint and a half of liquor and another six cans of beer and two half pints of liquor.

On June 29, 1952, on search of appellant's house, the officers found a five gallon can with ice and cans of beer, sitting in a back room. Beer was also found in a deep freeze, and altogether forty-nine cans of beer and one-half pint of whiskey were found in appellant's house. Four or five people were in the house at the time drunk and were later convicted in the Municipal Court. There was also testimony that appellant's place had a reputation of a "bootleg joint."

Without detailing more of the testimony, we conclude that the trial court by its action did not abuse the discretion accorded it in matters of this nature.

In the case of *Calloway* v. *State,* 201 Ark. 542, 145 S. W. 2d 353, there was involved, as here, the power of the Circuit Court to revoke a previous suspended sentence and order execution of the full sentence (§ 43-2324, Arkansas Stats. 1947). We there said: " 'The behavior of the defendant is a question of law to be passed on by the court, and the exercise of its discretion in this manner cannot be reviewed in the absence of gross abuse. . . .'

"In a very recent case, *Spears* v. *State,* 194 Ark. 836, 109 S. W. 2d 926, which dealt with the power of the circuit court under the provisions of § 4054 of Pope's Digest, we said: 'The next two grounds urged for a reversal may be considered together as they both challenge the sufficiency of the evidence to sustain the order of

revocation. This is a matter coming within the sound discretion of the trial court. *Denham* v. *State*, 180 Ark. 382, 21 S. W. 2d 608. Of course, such discretion could not be arbitrarily exercised without any basis in fact, but the statute itself confers the authority to revoke the suspension of sentence "whenever that course shall be deemed for the best interests of society and such convicted person".' "

Next appellant contends that she did not have proper notice of the "petition which sought a revocation of the suspended sentence." This contention is untenable for the reason that it appears that appellant was fully apprised of the hearing and its nature. She was present, acting as her own counsel, and made no objection. She was asked by the Court if she were ready for trial and she replied that she was. The record recites: "Defendant, Mary Bodner, appearing in person, without counsel, and all announced ready for trial after the court interrogated the defendant, Mary Bodner, as to whether or not she insisted on counsel representing her, to which she answered that she was ready for trial." The Prosecuting Attorney then stated to the Court that he was seeking a revocation of the suspended sentence and the padlocking of her home. "As I understand it, you are asking for this restraining order to be made permanent and also to consider the suspension, to revoke the suspension that was given her in reference to that city case? Mr. Gutensohn: That's right. The Court: Now Mary, are you ready to proceed on those questions? Mrs. Bodner: What do you mean? The Court: Are you ready to have a hearing on it now? Mrs. Bodner: Yes, sir, I guess so."

Affirmed.