DILLARD *v.* STATE.

4848                                    293 S. W. 2d 697

Opinion delivered October 1, 1956.

*W. E. Billingsley* and *E. H. Lamore,* for appellant.

*Tom Gentry,* Attorney General and *Paul C. Rawlings,* Assistant Attorney General, for appellee.

LEE SEAMSTER, Chief Justice.    Arnold Dillard has appealed from the judgment of the Fulton Circuit Court, based upon a jury verdict, which found him to be guilty of violating the provisions of Ark. Stats. 1947, § 41-3202, and assessed the punishment there prescribed.

The appellant, for reversal, contends that the Court erred in the following points:

(1) In refusing to instruct a verdict of "not guilty" upon motion of defendant made at close of State's case (Tr. p. 18).

(2) In refusing offered instruction No. 1 defining the terms "prostitution" and "sexual intercourse."    In refusing offered instruction No. 2 defining the doctrine of "Ejusdem Generis" in construction of statutes.    In refusing offered instruction No. 3, that sexual intercourse is not lewdness, prostitution or assignation, and is not indecent or obscene per se.

(3) In failing and refusing, "upon the Court's own motion," to declare § 41-3202 of Ark. Statutes not sufficiently definable to support a criminal conviction and/or to support the information upon which defendant was tried.

The facts (about which there is very little dispute) are that the appellant, on November 19, 1955, registered at a tourist court near Salem in Fulton County under a fictitious name and address. He was accompanied by a married woman, not his wife; but he registered them as man and wife, rented a cabin, and the two of them stayed in the cabin alone the remainder of the night. They left the tourist court together the next day.

The appellant contends that this conduct was not a violation of the law because only one incident was charged or proven. Section 41-3202, Ark. Stats. 1947, which is Section 2 of Act 240 of 1943, makes it a misdemeanor for any person to enter or remain in any house, place, building, tourist camp or other structure for the purpose of prostitution, lewdness or assignation. Section 41-3203, Ark. Stats. 1947 is Section 3 of the same Act, and it defines lewdness for the purpose of the act as: "The term 'Lewdness' shall be construed to include any indecent or obscene act." One definition by Webster's dictionary of the word "indecent" is "morally offensive."

The General Assembly by passing this law intended, among other things, to make it unlawful for any person to do what the appellant did in this case, whether one incident or several. No one could successfully contend that the acts of the appellant in this case were decent or morally right.

The Court properly instructed the jury as to the law in such cases. The evidence is sufficient to sustain the verdict of the jury.

The judgment is affirmed.