RAYMOND HENRY ATWELL v. STATE OF ARKANSAS

5341                                              427 S. W. 2d 1

Opinion delivered April 29, 1968

*Garner & Parker,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was charged with the crime of sodomy, found guilty, and sentenced to ten years imprisonment. He argues five points for reversal.

I. On complaint of the prosecuting witness, Atwell was arrested within a few moments after the commission of the offense, taken to police headquarters, and interrogated in the presence of several officers. He insists that the court erred in allowing the State to introduce an admission of guilt that was assertedly made in the course of the questioning.

We find no error. The trial judge, in compliance with the rules announced in *Jackson* v. *Denno,* 378 U. S. 368 (1964), first heard the witnesses in chambers and made a finding that the confession was voluntary. There is ample evidence to support that conclusion. One of the police officers present during the interrogation was the accused's brother. That officer's failure to testify at the trial is a persuasive indication that the accused's constitutional rights were not infringed. Moreover, the de-

fendant admitted on cross-examination that he was informed of his rights and that thereafter he did make an admission of guilt.

II. There is no merit in the contention that the prosecuting witness should not have been permitted to testify that Atwell had served a term in the penitentiary upon a conviction for rape. Atwell's counsel had already told the jury during their voir dire examination that his client had been in the penitentiary. The testimony was competent, as it tended to show that the prosecuting witness participated in the crime from fear and therefore was not an accomplice. Finally, the correctness of the court's ruling is not in issue on appeal, because no exceptions were noted. *Stockton* v. *State,* 239 Ark. 228, 388 S. W. 2d 382 (1965).

III. We cannot sustain the contention that the ten-year sentence fixed by the jury is excessive. The statute provides a maximum penalty of twenty-one years. Ark. Stat. Ann. § 41-813 (Repl. 1964). With respect to the argument now being made we have said: "If the testimony supports the conviction for the offense in question and if the sentence is within the limits set by the legislature, we are not at liberty to reduce it even though we may think it to be unduly harsh." *Osborne* v. *State,* 237 Ark. 5, 170, 371 S. W. 2d 518 (1963).

IV. It is asserted that after the jury had returned its verdict the trial judge made remarks derogatory to the accused. Perhaps so, but whatever the court may have said was not made a part of the record on appeal and is therefore not before us. We have, however, examined the trial proceedings with care and find nothing to indicate any lack of fairness or impartiality on the part of the presiding judge.

V. In a motion for a new trial on the ground of newly discovered evidence counsel merely stated that four named witnesses "will be in a position to testify as

to the circumstances existing" at the time and place of the offense. Since the motion does not state the substance of the witnesses' expected testimony it fails to meet the requirement that the newly discovered proof be of such a nature that it probably would change the result reached at the first trial. *Bixby* v. *State*, 15 Ark. 395 (1854). Hence the motion was properly denied.

Affirmed.