Nadine Miller HAWKINS v. STATE of Arkansas

5672                                            475 S.W. 2d 887

Opinion delivered February 14, 1972

Alfred J. Holland, for appellant.

Ray Thornton, Attorney General; Jimmy Patton, Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. In May of 1970 the appellant pleaded guilty to a charge of overdrafting and received a five-year sentence, which was suspended during good behavior and upon the payment of costs

and the making of restitution. A year later the prosecuting attorney filed the present petition for a revocation of the suspension, upon the single ground that the defendant had been guilty of grand larceny. This appeal is from an order revoking the suspension, not upon a finding that the appellant had committed grand larceny but rather upon a finding that she had been drinking whisky in a beer tavern, had had whisky in her purse, had engaged in an act of prostitution or adultery, and had been living with another woman whom the court found to be dishonest.

We must sustain the appellant's contention that she was not given proper notice of the reasons to be adduced by the State for a revocation of the suspension. The revocation of a suspended sentence is a serious matter, for which notice and a hearing are required. In *Bodner* v. *State,* 221 Ark. 545, 254 S. W. 2d 463 (1953), we recognized, at least by implication, the requirement that proper notice be given. The matter is treated more fully in the American Bar Association's "Standards Relating to Probation," § 5.4 (1970), in this language:

> The court should not revoke probation without an open court proceeding attended by the following incidents:
>
> (i)  a prior written notice of the alleged violation;
>
> (ii)  a representation by retained or appointed counsel; and
>
> (iii)  where the violation is contested, establishment of the violation by the government by a preponderance of the evidence.

In § 5.3 of the same Standards it is stated that a revocation proceeding based solely upon the commission of another crime ordinarily should not be initiated prior to the disposition of that charge.

In the case at bar the petition for revocation was based solely upon the assertion that the defendant had

committed grand larceny. At the hearing, however, the court permitted the prosecution to go far beyond its own pleading and to offer proof of the various forms of misconduct that were ultimately found by the court to have existed. That procedure is fundamentally unfair, for a defendant cannot properly prepare for the hearing without knowing in advance what charges of misconduct are to be investigated as a basis for the proposed revocation of the probation. We must accordingly set aside the trial court's order and remand the cause for further proceedings.

We find no merit in the appellant's contention that the five-year sentence was excessive and should be reduced. The record indicates that the appellant pleaded guilty to several other similar charges at the time the original sentence was imposed. Without having the entire record before us we are not in a position to say that the sentence was in excess of that permitted by the statutes. Ark. Stat. Ann. § 67-723 (Repl. 1966); *Atwell* v. *State,* 244 Ark. 739, 427 S. W. 2d 1 (1968).

Reversed.

FOGLEMAN, J., not participating.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. While I agree that an individual is entitled to notice of the grounds upon which a suspended sentence is sought to be revoked, I can find no prejudice in the case at hand where appellant's own testimony shows grounds for the revocation. Her own testimony shows that she was drinking on a Sunday and that she invited the complaining witness to her room for an act of adultery where the complaining witness lost $300 after he went to sleep. In *Dillard* v. *State,* 226 Ark. 720, 293 S. W. 2d (1956), we upheld a criminal conviction upon the proof of staying in a motel only one night.

I submit that the trial court should be affirmed.