TIMOTHY MILHOLLAND *v.* STATE OF ARKANSAS

CR 73-28                                    497 S.W. 2d 6

Opinion delivered July 16, 1973

*Bill R. Holloway* and *Robert D. Smith III,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. On December 28, 1971, Timothy Milholland, represented by counsel of his own choice, entered a plea of guilty to the charge of burglary and grand larceny, being Case No. 5063, and the docket reflects the following entry by the Desha County Circuit Court:

"Arraignment and plea of guilty by each Defendant, [1] concurred in by their attorney, and sentence deferred pending pre-sentence investigation report. (Note: To eventually be dismissed if defendants stay out of trouble)"

---

[1] There was another defendant named Langley.

Thereafter, on March 9, 1972, appellant was again arrested and charged with burglary and grand larceny by Desha County officials, being Case No. 5068, and a different attorney was retained to defend appellant on the new charge. On August 28, 1972, appellant was brought before the Desha County Circuit Court for sentencing in Case No. 5063. The entire record of the proceedings on that date consists of the following:

"THE COURT: Which one is Milholland? On December 28th of 1971, you all were represented by Mr. Mutt Gibson, entered a plea of guilty, which was concurred in by your attorney, on a charge of burglary and grand larceny, and this is No. 5063. At that time we deferred entering a sentence to give us time to obtain a pre-sentencing report. We now have that report. Quite frankly at that time we had intended if you all had behaved yourself and stayed out of trouble leave this on the docket and let you go, and I understand that neither one of you have stayed out of trouble. Does the State have a recommendation on the sentence?

MR. HOLMES: I recommend six on Milholland and three on Langley.

THE COURT: Mr. Milholland, it is the sentence and judgment of the Court that you be remanded to the Sheriff of Jefferson County and by him transported to . . .

THE CLERK: That's Desha.

THE COURT: Desha County and by him transported to the Department of Corrections where you will serve a period of six years. And it is the sentence and judgment of the Court Mr. Langley that you be remanded to the Sheriff of Desha County and by him transported to the Department of Corrections where you will serve for a period of three years. I doubt if a lecture by me would do any good and I am just going to tell you if you go up there and behave yourself you will be out pretty soon. It won't take you long to get out, but I want to advise you when you do get

out if you come back and get in any more trouble we are not going to be lenient with you any more. We have reached the end of the rope with you. That will be all.

Thereafter, a motion for new trial was filed on behalf of Milholland jointly by the attorneys in Case No. 5063 and Case No. 5068, in which it was asserted that Case No. 5068 had been passed at the request of Mr. Bill Holloway, the attorney last retained, and that the proceedings of August 28, i.e., the sentencing of appellant in Case No. 5063, was conducted without appellant being "allowed the opportunity to notify either of the said attorneys that the judge was not going to dismiss Case No. 5063 as noted on the docket but was going to take someone's word without the opportunity of hearing thereon, that the defendant had been [in] trouble. In effect the Defendant was denied the opportunity to call witnesses on his behalf or to testify." On September 29, 1972, this motion was denied, evidently without the taking of any testimony.

We agree that this judgment of the Desha Circuit Court must be reversed, as Milholland is entitled to a hearing. The State argues that the record does not reflect that appellant asked for a hearing, or for either of his attorneys to be notified. That is true, as reflected by the complete record heretofore set out; however, the burden was upon the State to show that Milholland had been apprised of the hearing, and the nature thereof, and had been given an opportunity to contact his counsel if he so desired. In *Bodner* v. *State*, 221 Ark. 545, 254 S.W. 2d 463, this court said:

"Next appellant contends that she did not have proper notice of the 'petition which sought a revocation of the suspended sentence.' This contention is untenable for the reason that it appears that appellant was fully apprised of the hearing and its nature. She was present, acting as her own counsel, and made no objection. She was asked by the Court if she were ready for trial and she replied that she was. The record recites: 'Defendent, Mary Bodner, appearing in person, without counsel, and all announced ready for trial after the court interrogated the defendant, Mary Bodner, as to whether or not she insisted on counsel representing

her, to which she answered that she was ready for trial.' "

In *Hawkins* v. *State,* 251 Ark. 955, 475 S.W. 2d 887 (1972), we stated:

"We must sustain the appellant's contention that she was not given proper notice .of the reasons to be adduced by the State for a revocation of the suspension. The revocation of a suspended sentence is a serious matter, for which notice and a hearing are required. In *Bodner* v. *State,* 221 Ark. 545, 254 S.W. 2d 463 (1953), we recognized, at least by implication, the requirement that proper notice be given. The matter is treated more fully in the American Bar Association's 'Standards Relating to Probation,' § 5.4 (1970), in this language:

'The court should not revoke probation without an open court proceeding attended by the following incidents:

(i) a prior written notice of the alleged violation;

(ii) a representation by retained or appointed counsel; and

(iii) where the violation is contested, establishment of the violation by the government by a preponderance of the evidence.'

In § 5.3 of the same Standards it is stated that a revocation proceeding based solely upon the commission of another crime ordinarily should not be initiated prior to the disposition of that charge."

See also *Cagnon, Warden* v. *Scarpelli,* decided on May 14 of this year by the United States Supreme Court. Since appellant was entitled to a hearing if he so desired,[2] and no waiver of any right being shown, it follows that the trial court erred in the proceedings as to Milholland on August 28, 1972.

---

[2]After all, appellant only stood *accused* of violating probation.

It is also here argued that the court was without authority to enter the sentence on August 28 since the order of December 28, 1971 did not comply with the provisions of Ark. Stat. Ann. § 43-2324 (Repl. 1964); that the failure to comply entitles appellant to a dismissal. The section referred to provides as follows:

"Whenever, in criminal trials in all courts of record, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the Judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case. Such postponement shall be in the form of a suspended sentence for a definite number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; provided however, the Court having jurisdiction may at any time during the period of suspension revoke the same and order execution of the full sentence."

Appellant states:

"This Court should reverse the cause with directions to set aside the illegal sentence and to dismiss the defendent, Timothy Milholland, from custody because of the illegal sentence in the beginning and the improper sentence entered on August 28, 1972."

No citation of authority is offered for this conclusion, i.e., that the case should now be dismissed, and we find same to be without merit for several reasons. Of course, the suspended sentence should have been for a definite number of years, but the failure to enter a proper order does not, within itself, entitle appellant to a dismissal of the charges. Inasmuch, however, as the judgment is being reversed for the reasons heretofore set out, and we are setting aside the sentence of August 28, there is no need to further discuss this contention.

Reversed and remanded for further proceedings consistent with this opinion.