Larry HASKINS v. STATE of Arkansas

CR 78-112                                    572 S.W. 2d 411

Opinion delivered October 30, 1978
(In Banc)

*Clark, Miller & Switzer, Ltd.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Under the controlling statute, notice and a hearing are required as conditions to the revocation of a suspended sentence or of probation in a criminal case. Ark. Stat. Ann. § 41-1209 (1) (Repl. 1977). Under subsection (2) of that statute the hearing "shall be conducted . . . within a reasonable period of time, not to exceed 60 days, after the defendant's arrest." The question here is whether the 60-day limitation is jurisdictional, so that it can be raised for the first time in this court. We hold that the limitation is not jurisdictional.

On November 21, 1977, Haskins, upon a plea of guilty to a charge of battery, was given a 3-year suspended sentence. Eight days later he was arrested for various misdemeanors. He was tried in municipal court on December 13, found guilty, and sentenced to fines totaling $110. On December 29 the State filed a petition for revocation of the suspended sentence. The revocation hearing was held on March 13. Although the record is not clear about what part of Haskins's confinement was due to the municipal court conviction, we will assume that as a result of the petition to revoke the suspension he was confined for more than 60 days before the revocation hearing. In the court below he made no objection to that delay.

The question of jurisdiction of the subject matter is

always open. Such jurisdiction cannot be conferred by consent or by waiver. For that reason it may be raised for the first time on appeal. *Sugar Grove Sch. Dist. No. 19* v. *Booneville Spec. Sch. Dist. No. 65*, 208 Ark. 722, 187 S.W. 2d 339 (1945). Those are the principles now relied upon by Haskins.

We think it clear that the 60-day limitation was not intended by the legislature to be jurisdictional. The statute refers to "a reasonable period of time, not to exceed 60 days." We cannot believe that the lawmakers meant to define a jurisdictional limitation in terms of reasonableness. If, for example, a period of only 30 days is found to be reasonable in a particular case, does that mean that the court absolutely loses jurisdiction at the end of that time? Surely not. In our opinion the 60-day limitation represents the period beyond which the hearing cannot be delayed if the defendant objects.

There is a solid practical reason why the permissible period should be flexible, not rigid. Motions for the revocation of a suspension or of probation are often, perhaps nearly always, based upon the asserted commission by the defendant of some other offense. (That is the situation here.) We have pointed out that the American Bar Association's "Standards Relating to Probation" recommend that a revocation proceeding based solely upon the commission of another crime not be initiated until after the disposition of the other charge. *Hawkins* v. *State*, 251 Ark. 955, 475 S.W. 2d 887 (1972). The prosecutor and the defendant himself may prefer that action on the revocation petition, if filed, be deferred until a decision has been reached in the other case. Yet it will frequently be impossible to try that matter within 60 days. Certainly the legislature did not mean that the prosecutor and the defendant are powerless to agree to a deferment beyond 60 days, to the end that the issue underlying the requested revocation not be tried twice. That, however, would unavoidably be the result if the 60-day limitation is held to be jurisdictional, not to be waived even by consent of the parties. In the case at bar Haskins, by his failure to object, has waived his right to insist that the revocation hearing be held within 60 days.

Affirmed.

HOWARD, J., dissents.

GEORGE HOWARD, JR., Justice, dissenting. I am compelled to dissent from the posture taken by the majority in the resolution of the issue raised in this case.

Ark. Stat. Ann. § 41-1209(2) (Repl. 1977), in material part, provides as follows:

"A suspension or probation shall not be revoked except after a revocation hearing. *Such hearing shall be conducted by the court that suspended imposition of sentence on defendant or placed him on probation* within a reasonable period of time, not to exceed 60 days, after the defendant's arrest. . . . " (Emphasis added)

The record before us reflects that appellant was convicted of second degree battery on November 21, 1977, and received a suspended sentence of three years. On November 29, 1977, eight days after he received his suspended sentence, appellant was charged with public intoxication, disorderly conduct, assaulting a police officer and resisting arrest. On December 13, 1977, appellant was fined in the Municipal Court of Hot Springs the sum of $10.00 for public intoxication, $50.00 for disorderly conduct, and $50.00 for assaulting a police officer and resisting arrest. No jail sentence was imposed. Appellant was immediately incarcerated in the Garland County jail where he remained until March 13, 1978, the date of the probation revocation hearing.

Appellant's parole officer filed a violation report on December 19, 1977, and recommended revocation of probation. The State filed a petition to show cause why appellant's sentence should not be revoked on December 29, 1977. A bench warrant was issued for appellant on December 29, 1977, but was not served on appellant until the 23rd day of February, 1978, and his revocation hearing was scheduled for March 13, 1978. Consequently, appellant spent a total of 90 days in the Garland County jail before he received any type of hearing at all relating to his parole violation.

The majority has stated in its opinion that "although the

record is not clear about what part of Haskins's confinement was due to the Municipal Court conviction, we will assume that as a result of the petition to revoke the suspension, he was confined for more than 60 days before the revocation hearing." It is plain from this record that there is no other posture that the majority can take in this case other than what it has assumed. Appellant was convicted in the Municipal Court of Hot Springs on the misdemeanor charges and, therefore, it is logical to assume that if he was going to be confined for the nonpayment of his fines, appellant would have been incarcerated in the city jail of Hot Springs rather than the Garland County jail. But for the sake of argument, let us assume that appellant was required to pay off his fine by confinement to the Garland County jail, it is further apparent that due process has not been afforded to appellant. For example, appellant's fines came to $100.00 plus the cost of court; under Ark. Stat. Ann. § 41-1103(2), appellant would have been entitled to the rate of $10.00 a day for each day spent in jail to be applied to his fines, thus appellant would have had to serve no more than 16 days in lieu of paying his fines. Having been incarcerated on December 13, 1977, he would have been entitled to be released from the Garland County jail on December 29, 1977. Therefore, under the assumption, appellant remained in the Garland County jail 74 days after he had liquidated his fines and court costs by doing time in the county jail. The State has not made an effort to explain why appellant remained in jail 74 days, really, based upon the record 90 days, without affording appellant a hearing as required under law.

The majority seeks to confer a liberal interpretation upon this provision in supporting its conclusion that the 60-day limitation was not intended to be jurisdictional and that it must be considered in terms of "reasonableness." But it is elementary that criminal statutes must be strictly construed and closely followed; and that nothing can be added or taken away from precise or express language of the act. *Holford* v. *State,* 173 Ark. 989; *Giles* v. *State,* 190 Ark. 218.

Moreover, the United States Supreme Court has stated that due process requires that a person on parole or probation be given a hearing before his probation or parole is

revoked. Such a hearing must be provided within a reasonable time, which the Court stated in *Morrissey* v. *Brewer*, 408 U.S. 471 (1972) as follows:

". . . The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months, as respondents suggest occurs in some cases, would not appear to be unreasonable."

It is apparent that Ark. Stat. Ann. § 41-1209(2) (Repl. 1977) was enacted by the Arkansas General Assembly to conform to the *Morrissey* standard quoted above.

On September 19, 1977, we decided *Walker* v. *State*, 262 Ark. 215, 555 S.W. 2d 228, where it was necessary for the court to deal with Ark. Stat. Ann. § 41-1209 (2). There, the State contended that the 60 day time limit under the statute runs from the date of the arrest of the parolee. This Court in giving sanction to the State's position stated:

"When we give a rational interpretation to the 60 day limitation, in accordance with the intent and purposes of the statute, we must agree with the State's interpretation of the statute. . . "

It is plain and beyond debate that appellant-petitioner was incarcerated in the Garland County Jail on December 13, 1977, and his revocation hearing was not held until March 13, 1978.

Finally, the majority asserts that petitioner's ". . . failure to object, has waived his right to insist that the revocation hearing be held within 60 days."

In *White* v. *State*, 260 Ark. 361, 538 S.W. 2d 550, we held that an issue that goes to the jurisdiction of the trial court, the issue could be raised at any time even after a guilty plea by certiorari. We further stated that in construing penal provisions, nothing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the accused.