James Edward JENNINGS *v.* STATE of Arkansas

CR 79-221                                594 S.W. 2d 855
Supreme Court of Arkansas
Opinion delivered March 10, 1980

*John W. Achor,* Public Defender, by: *James H. Phillips,*
Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty.
Gen., for appellee.

GEORGE ROSE SMITH, Justice. In appealing from a rape
conviction, with a 40-year sentence, the appellant contends
that the State's proof does not show the required forcible
compulsion and that the sentence is excessive.

The Criminal Code provides that a person commits rape
if he engaged in sexual intercourse "by forcible compulsion,"
which includes a threat of death or physical injury. Ark. Stat.
Ann. §§ 41-1801 and -1803 (Repl. 1977). The Code was not
intended to change the traditional doctrine with respect to
the use of force. Commentary to § 41-1801.

The prosecutrix testified that Jennings surprised her
outside of her apartment, subdued her by the application of a
headlock, and threatened to kill her if she made any noise. He
forced her into the apartment and raped her. She made no
resistance because she was afraid he would kill her. Jennings
testified that the woman consented to intercourse, for a pay-
ment of $25. The conflicting testimony presented an issue of

fact for the trial judge, who heard the case without a jury. Under our decisions the State's proof was sufficient to sustain the conviction. *Spencer* v. *State,* 255 Ark. 258, 499 S.W. 2d 856 (1973); *Rogers* v. *State,* 249 Ark. 117, 458 S.W. 2d 747 (1970); *Threet* v. *State,* 110 Ark. 152, 161 S.W. 139 (1913).

Rape is a Class A felony, for which the range of punishment by imprisonment is 5 to 50 years or for life. § 41-901. Since the sentence imposed is within the limits fixed by the legislature, it is our duty to uphold it, even though we might think it to be unduly severe. *Atwell* v. *State,* 244 Ark. 739, 427 S.W.2d 1 (1968); *Osborne* v. *State,* 237 Ark. 5, 371 S.W. 2d 518 (1963).

Affirmed.