Carl Wendell AKINS *v.* STATE of Arkansas

CA CR 81-132                           628 S.W. 2d 880

Court of Appeals of Arkansas
Opinion delivered March 10, 1982

*Marquis E. Jones,* of *Jones & Tiller Law Firm,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore G. Holder,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. This case is appealed from a judgment revoking the appellant's, Carl Akins, probation which he previously received on a conviction for possession of heroin. For reversal, Akins argues he failed to receive proper notice or a hearing on the petition for revocation filed in this cause. The State concedes Akins did not receive a hearing on the petition but contends he was not prejudiced.

We first consider the issue of whether Akins received proper notice, and on the record before us, we find he did not. The burden was on the State to show Akins had been apprised of the revocation hearing, and the nature thereof, and had been given an opportunity to contact his counsel if he so desired. *Hawkins* v. *State,* 251 Ark. 955, 475 S.W. 2d 887 (1972), and *Milholland* v. *State,* 254 Ark. 922, 497 S.W. 2d 6 (1973).

The record reflects the State filed its petition on January 28, 1981, and alleged Akins violated the terms of his suspended sentence by committing the crime of theft of property on October 18, 1980. Akins was convicted of the theft charge, and on July 13, 1981, he appeared in court and requested the court to set a hearing date on his motion for a new trial. After the court set the date, the court proceeded to consider the State's petition for revocation that was filed on January 28. Counsel objected, stating he was not prepared to defend Akins on the revocation petition and that Akins' mother had only received a copy of the petition one day prior to the trial on the theft charge. Contrary to the State's contention, there is no evidence in the record which shows Akins was ever given notice of the revocation petition or of its contents. Also, there is nothing in the record which indicates when Akins' counsel first became aware of the revocation petition.

The notice and hearings required on revocation of

suspension or probation are provided for in Ark. Stat. Ann. § 41-1209 (Repl. 1977), and, among other things, § 41-1209 (2) requires that the defendant be given prior written notice of the time and place of the hearing, its purpose and the condition of suspension or probation he is alleged to have violated. Our review of the record reflects neither Akins nor his counsel received notice until July 13, 1981, the day the court set a hearing on Akins' motion for new trial. Nothing in the record shows the State's petition for revocation was to be considered on this same date.

We hold that the State failed to show Akins received proper notice of the revocation hearing and for that reason alone, would reverse and remand this matter for a hearing on the petition. See *Kuenstler* v. *State,* 486 S.W. 2d 367 (Tex. 1972). Aside from the notice issue, however, we would also have to reverse this cause because Akins was not afforded a hearing as is contemplated under § 41-1209, *supra.* On July 13, 1981, the trial court merely concluded that it had previously heard enough evidence at Akins' theft of property trial to revoke his probation. However, § 41-1209 provides for a procedure whereby a defendant is afforded a hearing, separate from any other trial. At that hearing, he has the right to hear and controvert evidence against him. Moreover, relevant evidence may be introduced at a revocation hearing regardless of its admissibility at criminal trial. *Lockett* v. *State,* 271 Ark. 860, 611 S.W. 2d 500 (1981). Thus, we not only conclude Akins was denied proper notice, but he was also denied the fundamental fairness of a hearing as is required under § 41-1209.

In its brief, the State candidly concedes error was most likely committed in this case. Of course, we agree. It argues further, however, any error made was harmless. On this point, we cannot agree.

It is fundamental that error is presumed to be prejudicial unless it is affirmatively shown otherwise. *Breeden* v. *State,* 270 Ark. 90, 603 S.W. 2d 459 (Ark. App. 1980), and *Shelton* v. *State,* 261 Ark. 816, 552 S.W. 2d 216 (1977). Given proper notice, we cannot anticipate what, if any, defense Akins may interpose. Additionally, we note that the trial

court and Akins' counsel disagreed over a sixty day hearing requirement set forth in § 41-1209 (2). Counsel for Akins refused to waive the requirement and it was this refusal which apparently prompted the court to immediately consider the revocation petition on July 13, 1981, rather than to schedule the matter on a later date. Suffice it to say, we are in no position to say, in view of the facts before us, that Akins was not prejudiced by the inadequate notice and lack of hearing afforded him on the State's revocation petition.

Reversed and remanded.