Charles Robert McKEE *v.* STATE of Arkansas

CA CR 82-154                                        647 S.W.2d 490

Court of Appeals of Arkansas
Opinion delivered March 9, 1983

*Harold King,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. The Pulaski County Prosecuting Attorney charged appellant, Charles Robert McKee, with violating the terms of his suspended sentence. Appellant was arrested and confined to jail on March 7, 1982. He was released on April 26, 1982, on a writ of habeas corpus. On June 23, 1982, the Court ruled that he had violated the terms of his suspended sentence and on July 12, 1982, he was sentenced to a term of five years in the Arkansas Department of Correction. We reverse and dismiss.

Appellant contends that the trial court erred by failing to hold a revocation hearing within sixty days. The basis for appellant's argument is his reliance upon Ark. Stat. Ann. § 41-1209 (2) (Repl. 1977) which requires that a suspended sentence or probation should not be revoked except after a hearing within a reasonable time, not to exceed 60 days, after the defendant's arrest. In the instant case, more than 87 days elapsed from the time of his confinement in jail until the revocation hearing.

In his motion for habeas corpus, appellant alleged that he had been denied due process of law and equal protection by the State's failure to provide him with a speedy hearing on the revocation petition. In *Haskins* v. *State,* 264 Ark. 454, 572 S.W.2d 411 (1978), the Supreme Court stated:

> We think it clear that the 60-day limitation was not intended by the legislature to be jurisdictional. The statute refers to "a reasonable period of time, not to exceed 60 days." We cannot believe that the lawmakers meant to define a jurisdictional limitation in terms of reasonableness. If, for example, a period of only 30 days is found to be reasonable in a particular case, does that mean that the court absolutely loses jurisdiction at the

end of that time? Surely not. In our opinion the 60-day limitation represents the period beyond which the hearing cannot be delayed if the defendant objects.

The Court went on to hold that Haskins, by his failure to object, waived his right to insist that his revocation hearing be held within 60 days.

This was not the case here. The State was put on notice by appellant's motion for habeas corpus that he was seeking a speedy hearing on the revocation petition. He never backed away from this position at any time. The State should have conducted the hearing no later than May 6, 1982.

We reversed and dismiss the State's petition for revocation.