Vernell FURR *v.* STATE of Arkansas

CR 85-23                                          685 S.W.2d 149

Supreme Court of Arkansas
Opinion delivered February 25, 1985

*Herman H. Hankins, Jr.* and *Steven G. Beck,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Whether or not there is a constitutional and statutory right to counsel at a revocation hearing is the issue presented by this appeal. We find that where imposition of sentence is suspended and a defendant is placed on probation, there is a right to counsel at a subsequent revocation hearing. The case was transferred by the Court of Appeals under Sup. Ct. R. 29(4)(b).

The appellant, Vernell Furr, pleaded guilty on July 11, 1983, to possession of a controlled substance with intent to deliver. His plea was taken under advisement by the court, which deferred imposition of sentence for a period of five years subject to certain conditions. A motion to revoke the probationary period and impose sentence was filed by the State on November 8, 1983. Although formal notice to the appellant of a hearing on the revocation was filed the same day, the record does not reflect that the appellant ever received the notice. On June 11, 1984, the appellant was arrested pursuant to a bench warrant. He was brought before the court on June 15, 1984, and, without being advised of his right to counsel and without the assistance of counsel, was questioned by the court. The appellant admitted that he had violated the conditions of his probation, but attempted to offer mitigating circumstances. The trial judge sentenced the appellant to the maximum statutory period, a term of 10 years imprisonment.

Ark. Stat. Ann. § 41-1209 (Repl. 1977) provides in pertinent part: .

(2)   A suspension or probation shall not be revoked except after a revocation hearing. Such hearing shall be conducted by the court that suspended imposition of sentence on defendant or placed him on probation within a reasonable period of time . . . *The defendant shall be given prior written notice* of the time and place of the revocation hearing, the purpose of the hearing, and the condition of suspension or probation he is alleged to have violated. Except as provided in sub-section (3), *the defendant shall have the right* to hear and controvert evidence against him, to offer evidence in his own defense, and *to be represented by counsel.* [Emphasis added.]

The burden is on the State to demonstrate that the appellant was informed of the revocation hearing and given an opportunity to contact an attorney. *Akins* v. *State,* 4 Ark. App. 235, 628 S.W.2d 880 (1982). Here there is evidence of the filing of notice but no proof that it was received by the appellant as required by § 41-1209(2), *supra.* The record further reflects that the appellant was not informed while in court of his statutory right to be represented by counsel.

The appellant's statutory rights are reinforced by the sixth amendment of the United States Constitution. The U.S. Supreme Court addressed the issue of right to counsel in *Mempa* v. *Rhay,* 389 U.S. 128 (1967) finding that counsel is required "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." The Court held that the time of sentencing is a critical stage in a criminal case and counsel's presence is necessary. *See* Annotation, *Parole or Probation Revocation,* 36 L.Ed. 2d 1077 § 23(a) p. 1117 (1974); Annotation, *Probation — Revocation — Right to Counsel,* 44 ALR3d 306 § 2 p. 311 (1972). The commentary after § 41-1209 cites *Mempa* for the proposition that indigent defendants are entitled to ap-pointed counsel if sentencing is to follow revocation. *See also Hawkins* v. *State,* 251 Ark. 955, 475 S.W.2d 887 (1972).

The right to counsel may be waived, but the waiver must be made knowingly, voluntarily, and intelligently. *Leak* v. *Graves & State,* 261 Ark. 619, 550 S.W.2d 179 (1977).

Here the only potential evidence of waiver is the fact that appellant waived his right to counsel when he initially pled guilty. Almost one year passed between the appellant's plea of guilty and his revocation hearing. Obviously, it cannot be said that the waiver of counsel when the plea was entered constitutes an intelligent waiver to all further proceedings. Such a rule would circumvent the appellant's right to counsel during the most critical aspect of the criminal proceedings against him, revocation of his probation and sentencing nearly a year later.

Under the circumstances of this case, the trial court had a duty to advise appellant, either by the service of notice of the revocation hearing, or in open court, of his right to be represented by counsel. When the court failed to do so it committed prejudicial error.

The State's argument that the appellant's failure to object to the lack of counsel at the trial level precludes this argument on appeal is without merit. In *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980) this court stated four exceptions to the basic requirement of an objection to the trial court. The second exception which "arises when the error is made by the trial judge himself at a time when defense counsel has no knowledge of the error and hence no opportunity to object" is applicable here. The very fact that the appellant was not aware of his right to object further demonstrates the necessity for counsel at a hearing of this nature. The appellant had the right to be represented by counsel. Accordingly, the sentence is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.