Maybell ROOKS *v.* STATE of Arkansas

5543                                    466 S. W. 2d 478

Opinion on rehearing delivered April 26, 1971

*Bon McCourtney & Associates;* By: *Richard Jarboe,* for appellant.

*Ray Thornton,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged by information with first degree murder for the fatal shooting of her husband. A jury found her guilty of murder in the second degree and imposed a sentence of twenty-one years in the State Penitentiary. This appeal is taken from a judgment on that verdict. Appellant first contends for reversal that an improper procedure was permitted in impeaching her testimony.

Testifying in her own behalf at trial, appellant claimed self-defense. She related to the jury, and adduced other evidence, that her husband, the deceased, was an intemperate drinker, that he had on several occasions threatened to take her life, and that, at least twice in the past, he had intimidated her with a knife. Shortly before the shooting, according to appellant, an altercation erupted between her and the deceased in their backyard where he was working on a car. There was evidence that he was intoxicated at this time. The argument became violent; and, as she fled the scene, she was struck in the arm by a flying object (a wrench) thrown at her from the yard by the deceased. Although the object hit her with little force and only slightly bruised her, appellant claimed that the incident, coupled with her husband's immediate further threat as she entered their house: "I'm going to gather up a bunch of tools and I'm going to kill you," caused her to panic and to momentarily pass out. When she came to, the appellant, according to her testimony, at once obtained a shotgun from inside the house, returned to the yard and shot her husband as he was advancing upon her.

On cross- and recross-examination the prosecuting attorney, over defense objections, sought to impeach appellant by reference to a statement which she had made to the police while in custody. On recross-examination, for example, the prosecuting attorney asked:

> * * * When you told your story that night, you said that your husband was running away from you when you shot him at that time, didn't you?

Counsel for appellant objected to this reference to a prior statement because it had not previously been ad-

mitted into evidence. The objection, however, was over-ruled and appellant thereafter denied making this state-ment. Later, in an attempt to further impeach appellant's story and thereby discredit her plea of self-defense, the State adduced rebuttal testimony from an investigating officer that appellant had made an in-custody statement that she shot her husband while he was "walking or running away from her." Objection was again registered against reference to that statement on the grounds that it was in the nature of an in-custody admission and had not been judicially determined, in the proper manner, to have been voluntarily made. However, the State ar-gued, in effect, that inasmuch as the prior inconsistent statement was being offered simply for the limited pur-pose of impeaching appellant's testimony and not as an admission, its consideration at trial was neither con-tingent upon a judicial predetermination of voluntari-ness nor subject to any exclusionary rules. Ultimately, the trial court overruled appellant's objection and de-nied her subsequent motion to strike the officer's testi-mony.

Appellant now asserts that the trial court erred in permitting the State to impeach her in-court testimony by the use of an in-custody statement without first hav-ing determined its voluntariness. Appellant contends in her brief that the language in *Miranda* v. *Arizona,* 384 U. S. 436 (1966) "controls the disposition of the case at bar. Many state and federal cases on this issue point to the clearness of the Supreme Court's discussion about impeachment to reach a result favorable to appellant. [citing cases] Likewise, appellant submits that the lan-guage quoted from *'Miranda'* is so clear that it is not susceptible to argument. What could be clearer than what the Court has said about impeachment? It said that statements used to impeach must comply with its guidelines. Therefore, since the statement in the case at bar was not shown to be incompliance, the verdict must be set aside." However, after appellant's brief was filed, and following the submission of this case, the United States Supreme Court specifically held contrary to ap-pellant's contention. In doing so the Court acknowl-edged that *Miranda* "can indeed be read as indicating

a bar to use of an uncounseled statement for any purpose." The Court, in *Harris* v. *State of New York,* 401 U. S.___, 91 S. Ct. 643, 28 L. Ed. 2d 1 (1971), held that, even though a defendant's statement is inadmissible against him in the State's case in chief because of the lack of procedural safeguards which *Miranda* requires, the statement, however, can be used for purposes of impeachment to attack and test the credibility of the testimony of a defendant-witness about prior inconsistent in-custody statements where the trustworthiness of the evidence satisfies legal standards. Therefore, in the case at bar, we hold that it was permissible for the State to test the credibility of appellant's trial testimony by cross-examination and by the rebuttal testimony of the investigating officer with respect to her allegedly voluntary and contradictory statement. In *Harris* the court said: "Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately, and the prosecution here did no more than utilize the truth-testing devices of the adversary process. * * * The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances."

Appellant also cites to us *Jackson* v. *Denno,* 378 U. S. 368 (1964), and Ark. Stat. Ann. § 43-2105 (Supp. 1969) in support of her assertion that a *Denno* hearing was never held to determine the voluntariness of the contradictory statement. It must be remembered that this asserted contradictory statement was not offered in evidence by the State in presenting its case in chief. The appellant insists that from the evidence, the allegedly volunteered statement by appellant, before interrogation, was made when in custody and in a police dominated atmosphere. In denying that she made the statement, she testified that she was nervous and upset and could not remember making the statement. In *Harris* there was no contention that the contradictory statement was involuntary. However, the court also noted that the voluntariness of a confession is irrelevant when the defendant becomes a witness, and further stated: "We reject such an extravagant extension of the Constitution."

In the circumstances, it is our view that the latest expression of the United States Supreme Court in *Harris* is controlling in the case at bar and renders *Miranda,* which appellant cites as dispositive of this case, inapplicable. In doing so, it appears to restore the validity of our previous decisions, such as *Decker* v. *State,* 234 Ark. 518, 353 S. W. 2d 168 (1962), 98 ALR 2d 1. There the contention was made that cross-examination of the defendant about inconsistent statements was impermissible since they were in the category of a confession and the proper foundation had not been established for the admission of a confession. We said: "Of course, a defendant in a criminal case who elects to testify is subject to impeachment like any other witness, and the purpose of the questioning was to establish that Decker had earlier made contradictory statements as to the circumstances of the killing."

We turn now to .appellant's second and final point for reversal. At the close of all the evidence, appellant moved that the prosecuting attorney be required to fully disclose in his opening argument the grounds upon which he would rely for a conviction. We agree with appellant that the trial court should have granted the motion by admonishing the State to comply with the request. Ark. Stat. Ann. § 43-2132 (Repl. 1964) provides that the party having the burden of proof shall also be entitled to give the opening and conclusion of final argument. However, this statute also expressly indicates that the party having the burden shall not enjoy the privilege of concluding the argument without first, upon demand of the adverse party, making a full statement of the grounds upon which he claims a verdict.

An examination of the record demonstrates, however, that the refusal of the appellant's motion amounted to harmless error since the prosecuting attorney did in fact make an adequate preliminary disclosure of the grounds upon which he would rely for a conviction. Appellant complains that the prosecution, in the concluding portion of final argument, commented for the first time concerning her failure to produce any evidence of the deceased's reputation for violence and also for the

first time asserted that appellant's son, who did not testify, in all probability planted a wrench under the deceased's body and put the shotgun in the house. However, we think the State's concluding argument contained only proper rebuttal material in light of the matters discoursed upon in appellant's preceding closing argument.

Affirmed.

FOGLEMAN, J., not participating.