Johnny R. WHITE *v.* STATE of Arkansas

CR 75-204                                        538 S.W. 2d 550

Opinion delivered July 19, 1976

*Robert L. Shaw,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry Kirkpatrick,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Johnny R. White was charged by information with the offense of possessing marijuana for the purpose of delivery  allegedly committed on November 22, 1974. The jury found him not guilty of the offense charged but returned a verdict finding him guilty of only possessing marijuana. From a judgment assessing a $250 fine and a one year jail sentence, appellant appeals contending that mere possession of marijuana was not a misdemeanor offense under Act 590 of 1971, as amended by Act 186 of 1973.

Act 590 of 1971, being the Uniform Controlled Substance Act, comprises in excess of 38 pages in the 1971 Acts. Section 1, containing 24 different definitions provides in so far as here pertinent, as follows:

"SECTION 1. As used in this Act:

. . .

(d) 'Controlled substance' means a drug substance, or immediate precurson in Schedules I through V or Article II of this Act."

Article II of Act 590 of 1971 contained Schedules I through V and marijuana was classified as a substance in Schedule I.

Section 1 of Article IV of Act 590 of 1971 provided as follows:

SECTION 1. (a) Except as authorized by this Act, it is unlawful for any person to manufactur, deliver, or possess with intent to manufacture or deliver, a controlled substance.

(1) Any person who violates this subsection with respect to:

(i) a controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than fifteen (15) years or fined not more than $25,000, or both;

(ii) any other controlled substance classified in Schedule I, II, or III, is guilty of a crime and upon conviction may be imprisoned for not more than five years, fined not more than $15,000 or both;

(iii) a substance classified in Schedule IV, is guilty of a crime and upon conviction may be imprisoned for not more than 3 years, fined not more than $10,000.-00, or both;

(iv) a substance classified in Schedule V, is guilty of a crime and upon conviction may be imprisoned for not more than one year, fined not more than $5,000, or both.

(b) Except as authorized by this Act, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance.

(b) (1) Any person who violates this subsection with respect to:

(i) a counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than 15 years, fined not more than $25,000 or both;

(ii) any other counterfeit substance classified in Schedule I, II, or III, is guilty of a crime and upon conviction may be imprisoned for not more than 5 years, fined not more than $15,000, or both;

(iii) a counterfeit substance classified in Schedule IV, is guilty of a crime and upon conviction may be imprisoned for not more than 3 years, fined not more than $10,000, or both;

(iv) a counterfeit substance classified in Schedule V, is guilty of a crime and upon conviction may be imprisoned for not more than one year, fined not more than $5,000, or both.

(c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this Act. Any person who violates this subsection is guilty of a misdemeanor. Provided, any person who is convicted of a third or subsequent offense for violation of this subsection shall be guilty of a felony and shall be subject to imprisonment in the Penitentiary for not less than two (2) nor more than five (5) years."

In Act 186 of 1973 marijuana was removed from Schedule I of Article II and placed in a new Schedule VI. No amendment was made at that time to Section 1 of Act 590

which defined a "controlled substance" as a "drug, substance, or immediate precursor in Schedules I through V of Article II of this Act." However, Act 186 of 1973 did provide:

SECTION 2. Subsection (a) of Section 1 of Article IV of Act 590 of 1971 as amended the same being Arkansas Statutes Section 82-2617 (a) is hereby amendeh to read as follows:

'(a) Except as authorized by this Act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

(1) Any person who violates this subsection with respect to:

(i) a controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction may be imprisoned in the state penitentiary for not less than five (5) years nor more than thirty (30) years or fined not more than $25,000, or both;

(ii) any other controlled substance classified in Schedule I, II, III, or VI is guilty of a felony and upon conviction may be imprisoned in the state penitentiary for not less than three (3) years nor more than ten (10) years, fined not more than $15,000, or both;

(iii) a substance classified in Schedule IV, is guilty of a felony and upon conviction may be imprisoned in the state penitentiary for not less than one (1) year nor more than three years, fined not more than $10,000, or both;

(iv) a substance classified in Schedule V, is guilty of a felony and upon conviction may be imprisoned in the state penitentiary for not less than one (1) year nor more than two (2) years, fined not more than $5,000, or both.'

SECTION 3. Subsection (c) of Section 1 of Article IV of Act 590 of 1971 as amended, the same being Arkansas Statutes Section 82-2617 (c) is hereby amended to read as follows:

(c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this Act. Any person who violates this subsection is guilty of a misdemeanor. Provided, any person who is convicted of a third or subsequent offense for violation of this subsection shall be guilty of a felony and shall be subject to imprisonment in the penitentiary for not less than two (2) nor more than five (5) years. Provided however, any person who unlawfully possesses a controlled substance listed under Schedule I of this Act shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the state penitentiary for not less than two (2) years nor more than five (5) years."

Obviously subsection (c) of Section 1 of Article IV as amended by Act 186 of 1973 does not make the mere possession of marijuana a misdemeanor if the definition in Section 1 (d) of Act 590 of 1971, is substituted for the term "controlled substance." Under that construction only possession of drugs appearing in Schedule I through V are classified as misdemeanors.

To avoid the definition of a "controlled substance" as used in Section 1 (d) of the Uniform Controlled Drug Act, the State makes two arguments — *i.e.* (1) appellant did not properly raise the issue in the trial court, and (2) "it would indeed he an absurd result to construe the failure of Act 186 to amend § 82-2601 (d) [Section 1 (d) of Act 590] to include possession of marijuana, the crime of which appellant stands convicted." To do so, says the State, "would clearly thwart the obvious intent of the Legislature."

We find no merit to the contention of the State that the issue was not properly raised in the trial court. Such issues go to the jurisdiction of the trial court and can be raised at any time, even after a guilty plea by certiorari, *Switzer* v. *Golden, Judge,* 224 Ark. 543, 274 S.W. 2d 769 (1955).

Neither can we agree with the State as to its second con-

tention for the rule of law with respect to statutory construction of penal provisions is that nothing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the accused, *Bennett v. State,* 252 Ark. 128, 477 S.W. 2d 497 (1972). This rule comes to us from the early common law and is well known to lawyers and legislators alike. Consequently, when the doubts as to the construction of the use of the term "controlled substance" in subsection (c) of Section 1 of Article IV of Act 590 of 1971, as amended by Act 186 of 1973, is considered in the light of the strict construction rule, we must agree with the appellant that the mere possession of drugs classified in Schedule VI of Article II of the Uniform Controlled Substance Act as amended by Act 186 of 1973, do not constitute a misdemeanor.[1]

Reversed and dismissed.

JONES, J., dissents.

J. FRED JONES, Justice, dissenting. I do not agree with the majority opinion in this case.

The Uniform Controlled Substances Act of 1971 (Act 590 of 1971) separated the controlled drugs and substances into five general classifications referred to as "schedules" according to their nature and potency. The Act included marijuana, along with 16 other named substances among the "hallucinogenic substances" classified under Schedule I. The Act then provided a penalty for possession with intent to deliver non-narcotic controlled substances under Schedules I, II or III as imprisonment for not more than five years and a fine of not more than $15,000, or both. The Act then provided that mere possession of such substance would constitute a misdemeanor except that a third or subsequent offense would constitute a felony.

Act 186 of 1973 amended the 1971 Act and as recited in the enacting clause was for the purpose, among other things, "to Create a New Schedule to be Designated 'Schedule VI' to Include Marihuana and to Provide a Penalty for the Posses-

---

[1] § 82-2601(d) was amended by Act 305 of 1975 to include Schedule VI.

sion Thereof; and for Other Purposes." I cannot accept the apparent reasoning of the majority that possession of marijuana was legalized by Act 186 of 1973 for lack of definition. By passing Act 186 of 1973 the Legislature simply concluded that marijuana, classified as the tenth numbered substance among the 17 hallucinogenic substances in Schedule I under Section 4 (a) of Act 590, was simply in the wrong schedule penalty-wise and was entitled to a separate numbered schedule. Consequently, by Act 186 of 1973, the Legislature provided in Sections 13, 14 and 15 of the Act as follows:

> SECTION 13. There is hereby established a Schedule VI for the classification of those substances which are determined to be inappropriately classified by placing them in Schedules I through V. Schedule VI includes controlled substances listed or to be listed by whatever official name, common or usual name, chemical name or trade name designated.

> SECTION 14. The Coordinator shall place a substance in Schedule VI if he finds that:

> (a) the substance is not currently accepted for medical use in treatment in the United States;

> (b) that there is lack of accepted safety for use of the drug or other substance even under direct medical supervision;

> (c) that the substance has relatively high psychological and/or physiological dependence liability; and,

> (d) That use of the substance presents a definite risk to public health.

> SECTION 15. Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation, whether produced directly or indirectly from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, which contains any quantity of the following substances, or which contains any of their salts, isomers, and salts of

isomers whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation are included in Schedule VI:

1. Marihuana.

2. Tetrahydrocannabinol.

Act 186 then provided, as did the previous Act 590, felony penalty for violation in connection with controlled substances under Schedules I and II when the substance is a narcotic drug, and raised the penalty from imprisonment for not more than 15 years or fine not more than $25,000, or both, to "imprisonment in the state penitentiary for not less than five (5) years nor more than thirty (30) years or fined not more than $25,000, or both."

Article IV, Section 1 (a) (1) (ii) of original Act 590 pertaining to possession with intent to deliver recited as follows:

Any person who violates this subsection with respect to: . . . any other controlled substance classified in Schedule I, II, or III, is guilty of a crime and upon conviction may be imprisoned for not more than five years, fined not more than $15,000 or both.

This subsection was amended by Act 186 to read as follows:

Any person who violates this subsection with respect to any other controlled substance classified in Schedule I, II, III, or VI is guilty of a felony and upon conviction may be imprisoned in the state penitentiary for not less than three (3) years nor more than ten (10) years, fined not more than $15,000, or both.

Section 3 (c) of Act 186 simply re-enacted the misdemeanor provision for mere possession under Act 590 (subsection [c] of Section 1 of Article IV of Act 590) with the additional proviso: "Provided however, any person who unlawfully possesses a controlled substance listed under Schedule I of this Act shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the state penitentiary for not less than two (2) years nor more than five (5) years."

The appellant was simply charged with the possession of controlled substance, to-wit: Marijuana, with the intent to deliver said substance to other persons. Under Section 1 of Act 590 of 1971 many words and terms *"as used in this Act"* were defined. These words included "Administer," "Agent," "Bureau," "Controlled substance," "Deliver," "Dispense," "Dispenser," etc. The Act then provided administrative authority for the Commissioner to add to or delete from the various Schedules drugs and substances. Then Section 4 of the Act named 42 opiates as being included in Schedule I and also named 22 opium derivatives as being included in Schedule I and then, as already stated, named 17 hallucinogenic substances as included in Schedule I.

Act 590 was approved on April 17, 1971, and Act 186 of 1973 was approved on March 2, 1973, and the appellant White was accused of having possessed marijuana on November 22, 1974. He now says that there could be no violation of law as charged because the amendatory Act 186 removed marijuana from Schedule I under Act 590; and, consequently, since Act 590 defined "controlled substance" as a substance mentioned in Schedule I through V of Article 2 of that Act and since Act 186 of 1973 did not amend the *definition* of "controlled substance" to include substances in Schedule VI, there was no violation of the law by possession of marijuana since the re-enactment of Act 186 of 1973.

Under Act 590 of 1971 the Legislature set up five classifications for the drugs and substances being controlled. The drugs and substances were not controlled because they fell into one of the five classified schedules, they fell into one of the five schedules because they were being controlled, and their nature and derivation were important to their classification in providing the penalties in connection with violations pertaining to them. The Legislature concluded that under Act 590 marijuana was erroneously included under Schedule I, and if the Legislature did amend marijuana out of the definition of a controlled substance by Act 186, it certainly did not leave the mere possession of marijuana, or the possession of marijuana with intent to deliver, without penalty. In other words, by Act 186 the Legislature did not legalize the possession of marijuana by lack of definition and if Act 186 did take marijuana out of the definition of a controlled sub-

stance in Act 590, it placed marijuana back within the definition of a controlled substance when the Legislature in Section 13 of Act 186 said:

> There is hereby established a Schedule VI for the classification of those substances which are determined to be inappropriately classified by placing them in Schedule I through V. Schedule VI includes controlled substances listed. . . .

Section 14 of the Act then provided for the Coordinator to add substances to or subtract them from Schedule VI. Section 15, *supra*, of Act 186, defined what substances were to be included in Schedule VI and specifically mentioned marijuana. Then Act 186, under Section 3 (c) just simply re-enacted the penalty clause contained in Act 590 for mere possession with the exception that since marijuana was given a designated schedule, possession of the other substances listed in Schedule I of the Act was made a felony.

I would affirm on the point here involved.