Marion HUCKABY *v.* STATE of Arkansas

CR 77-112                                      557 S.W. 2d 875

Opinion delivered November 14, 1977
(In Banc)
[Rehearing denied December 12, 1977.]

*Wilbur Botts, Jesse Thompson* and *Claude W. Jenkins,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was convicted by a jury of first-degree murder and was sentenced to a 40-year term of imprisonment. His arguments for reversal present six issues of law for our decision.

Huckaby was charged with having shot Willis Eugene Jackson on May 26, 1976. At that time Huckaby and his wife were separated. On the night of the homicide Mrs. Huckaby had been to a nightclub with Jackson, who was her boss. As the two drove into the driveway at Jackson's home Huckaby suddenly appeared and shot them both, killing Jackson and wounding Mrs. Huckaby. Huckaby denied his presence at the scene and also testified that he had been drinking all that day and did not even remember going to bed that night.

First, several weeks before the trial the court allowed the State to reduce the original charge of capital murder to the lesser offense of first-degree murder. Although it is provided by Ark. Stat. Ann. § 43-1024 (Repl. 1964) that no indictment shall be amended to change the degree of the crime charged, the statute obviously should not be construed to permit a defendant to complain of a change that is wholly to his ad-

vantage. In fact, the appellant's brief does not indicate that any such objection was made in the trial court.

Second, on the first day of the trial defense counsel made an oral motion that the jury panel be quashed, because the jurors were improperly selected and improperly excused. After a brief hearing of testimony counsel insisted that the method of selection was improper, because the names of the jurors, as they were drawn from the jury wheel, were not recorded in a jury book. Ark. Stat. Ann. § 39-209 (Supp. 1975). Instead, the clerk made a typewritten list of the names, which was used all during that term of court.

No prejudicial error is shown. Act 568 of 1969 is a comprehensive statute by which the legislature directed the use of a jury wheel and made other changes in the selection of juries. In *Horne v. State,* 253 Ark. 1096, 490 S.W. 2d 806 (1973), we held to be mandatory that section of Act 568 which requires the jury commissioners to meet each year and select prospective jurors for the following calendar year. Ark. Stat. Ann. § 39-205.

In *Horne,* however, we did not hold, as counsel now seem to argue, that every provision in Act 568 is mandatory in the sense that noncompliance requires that the jury panel be quashed. Some sections of the act are more important than others. It is certainly desirable, as a matter of preventing fraudulent practices, that the names of jurors be recorded in some sort of jury book (there being no specific description of the book in the statute). But here the objection to the typewritten list was not made until the morning of the trial, when it was too late for the matter to be corrected. There is not the slightest question about the integrity of the list. There was, in the circumstances, a substantial compliance with the statute.

Third, in Arkansas county it is the practice for the sheriff's office, shortly before a trial, to summon as many prospective jurors as the judge thinks will be needed. In notifying the persons whose names have been drawn from the jury wheel the sheriff's deputies confine themselves largely to those who have telephones. It is now argued that this practice

is contrary to law, because it amounts to a systematic exclusion of a large class of eligible jurors — those who do not have telephones. See *Hall* v. *State,* 259 Ark. 815, 537 S.W. 2d 155 (1976), where farmers were excluded.

The objection that is now being made was not argued to the trial court at the outset. After some 80 veniremen had been examined on voir dire, it became necessary for the court to declare a short recess to allow the sheriff to summon 10 more prospective jurors. During the recess defense counsel questioned the method of summoning jurors principally by telephone. In overruling counsel's motion to quash the panel the court stated that "the sheriff has been trying to get any of the jurors any way he can. I am not going to adjourn this trial until in the morning so he can go out and summon the first one on the list. He is just picking from that list as he can get them located. We were in the process of selecting a jury in this case. We ran out. We had to take the most expedient method. One juror is just as good as another."

The court's ruling was right. The statute allows jurors to be summoned by certified mail, by telephone, or by personal summons or other method permitted by law. Ark. Stat. Ann. § 39-210. Whatever might have been the proper procedure before the trial, it was certainly within the trial judge's discretion to approve the most expeditious method of bringing in more jurors after the trial was already in progress.

Fourth, it is argued that the defendant's wife was not a competent witness against him. That may have been true when the offense was committed. Ark. Stat. Ann. §§ 43-2019 and -2020; *Jenkins* v. *State,* 191 Ark. 625, 87 S.W. 2d 78 (1935). Those statutes, however, were expressly repealed by § 2 of Act 1143 of 1975, which adopted the Uniform Rules of Evidence. Rule 501 of those rules provides that no person has a privilege to prevent another from being a witness. Rule 504 limits the husband-wife privilege to confidential communications, which are not involved in this case. Thus the defendant's wife was a competent witness when the case was tried.

The defendant is mistaken in arguing that, as to him, the

change in the governing rule is invalid as an *ex post facto* law. "Statutes which simply enlarge the class of persons who may be competent to testify in criminal cases are not *ex post facto* in their application to prosecutions for crimes committed prior to their passage." *Hopt* v. *Utah,* 110 U.S. 574 (1884). That principle has twice been applied to uphold a statutory change by which a wife was permitted to testify against her husband in a criminal case. *Webster* v. *State,* 142 Ala. 56, 38 So. 1010 (1905); *State* v. *Clevenger,* 417 P. 2d 626 (Wash., 1966).

Fifth, the court did not err in allowing a witness to be cross-examined about his own ability to drive a car while intoxicated, that being pertinent to his direct examination. And, sixth, the defendant's proffered instructions on the effects of voluntary intoxication were adequately covered by the court's instruction on that subject.

Affirmed.