Larry Eugene SPILLERS *v.* STATE of Arkansas

CR 80-22                                    595 S.W. 2d 650
Supreme Court of Arkansas
Opinion delivered March 10, 1980
Rehearing denied April 14, 1980

*Duncan & Davis,* by: *A. Wayne Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of false imprisonment in the first degree (Ark. Stat. Ann. § 41-1703 [Repl. 1977]) and battery in the first degree (Ark. Stat. Ann. § 41-1601 [Repl. 1977]) and assessed his punishment at 3 1/2 years and 9 1/2 years, respectively. Appellant contends that the trial court erred in failing to grant a mistrial when the prosecuting attorney was allowed to breach a pretrial agreement not to use the appellant's nor his codefendant's cross-implicating statements.

Appellant and his codefendant each made an in custodial statement to the police implicating the other. The attorney for the codefendant filed a motion for severance alleging that his client would suffer undue prejudice if tried with the appellant. At the pretrial hearing, appellant's attorney made an oral motion that any cross-references in the statements should be deleted if the trials were not severed but

did not move for severance. From a review of the record, it is apparent that the trial court denied the codefendant's severance motion with the understanding that the prosecuting attorney had agreed "that no effort would be made to introduce the written statements."

During the prosecuting attorney's opening statement, he said: "After staying in jail for a number of days, Mr. Walker [the codefendant] revealed who the other individual in the car was, the individual, the defendant, Eugene Spillers [appellant]." Appellant sought a mistrial asserting this was a breach of the agreement, the statements were not shown as being voluntary, and the statements were fundamentally unfair. In chambers the court denied appellant's motion for a mistrial because no prejudicial error had occurred inasmuch as the statement merely identified one of the occupants of the automobile. The court instructed that there would be "no further reference . . . . [a]s to what one said concerning his involvement or the involvement of anybody else." The court then observed that the statement by the prosecuting attorney had no probative value whatsoever in determining the guilt or innocence of the defendants.

A mistrial is an extreme remedy which should be granted only where the error is so prejudicial that justice cannot be served by a continuation of the trial. *Johnson* v. *State,* 254 Ark. 293, 493 S.W. 2d 115 (1973). Here we hold that, even though the stipulation may have been breached in the opening statement, which we do not condone, no prejudicial error is demonstrated. The appellant's defense did not relate to his identity. He maintained that the gun fired accidentally wounding the victim. Further, he was identified by four prosecution witnesses. The prosecution's reference to the statement did no more than place appellant at the scene of the incident. Also, the court instructed the jury that the opening statement or remarks of an attorney should not be considered as evidence.

The prosecuting attorney never sought to introduce the cross-implicating statements into evidence, however, the prosecuting attorney referred to appellant's statement during his cross-examination of the appellant. The reference was

made during a series of questions concerning the appellant's destination on the night of the incident. The prosecuting attorney noted several inconsistencies in his prior written statement as to the direction of the automobile and the location of certain roads. The prosecuting attorney was attempting to impeach the appellant's credibility. First, it appears there was no objection to the series of questions concerning the appellant's statement. Further, when the appellant took the stand in his own behalf, he became subject to impeachment like any other witness. *Williams* v. *State,* 258 Ark. 207, 523 S.W. 2d 377 (1975); and *Rooks* v. *State,* 250 Ark. 561, 466 S.W. 2d 478 (1971). Here the reference to appellant's statement during cross-examination of him, was not substantive evidence of innocence or guilt, but merely for impeachment purposes or to attack the credibility of the witness. There was therefore no need for a determination of its voluntariness as argued by appellant. *Harris* v. *New York,* 401 U.S. 222, 91 S. Ct. 643, 28 L. Ed. 2d 1 (1971); *Rooks* v. *State, supra, Williams* v. *State, supra,* and *Zachry* v. *State,* 260 Ark. 97, 538 S.W. 2d 25 (1976). Neither was the Bruton rule violated inasmuch as both the appellant and the codefendant testified at the trial and were subject to cross-examination. *Bruton* v. *U.S.,* 391 U.S. 123, 98 S. Ct. 1620, 20 L. Ed. 2d 476 (1968); *Gammell & Spann* v. *State,* 259 Ark. 96, 531 S.W. 2d 474 (1976); and *Bell and Walker* v. *State,* 258 Ark. 976, 530 S.W. 2d 662 (1975). In *Bell,* we said: "[T]he device of cross-examination enabled the appellants to avail themselves of every opportunity to refute any testimony adverse to their position."

There was also a reference to appellant's codefendant's statement during the prosecuting attorney's cross-examination of the codefendant as to whether the appellant was in possession of a knife shortly before the incident. Appellant's attorney objected to use of the codefendant's cross-implicating statement on the basis there was no showing of its voluntariness and its use would be contrary to the prosecution's representations about use of the statement. In denying the motion the court ruled the statement could be used to impeach the witness as to previous inconsistent statements. There was "no effort" to introduce the statement. As previously discussed, the codefendant was subject to cross-examination and his statement could be used for im-

peachment purposes. Certainly, the court did not abuse his discretionary authority.

We need not reach appellant's contention that Ark. Stat. Ann. Vol. 4A, Rules of Crim. Proc., Rule 22.3 (Repl. 1977) was violated by the court's denial of the codefendant's motion for severance inasmuch as appellant, himself, failed to move for severance before the trial. *Burnett and David* v. *State*, 262 Ark. 235, 556 S.W. 2d 653 (1977).

Affirmed.