**Larry Eugene SPILLERS, Appellant,**

v.

**Vernon HOUSEWRIGHT, Commissioner of the Arkansas Department of Correction; James Steed, Sheriff of Saline County, Arkansas; Steve Clark, Attorney General of the State of Arkansas, Appellees.**

**No. 82–1279.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 28, 1982.

Decided Nov. 5, 1982.

Steve Clark, Atty. Gen. by Dennis R. Molock, Deputy Atty. Gen., Little Rock, Ark., for appellees.

A. Wayne Davis, Little Rock, Ark., for appellant.

Before HEANEY, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

In this habeas corpus action, petitioner Larry Eugene Spillers contends the prosecutor's breach of a pretrial agreement restricting the use of certain custodial statements in his state criminal trial denied him due process of law. Spillers also asserts the state trial court's failure to ascertain the voluntariness of his statement renders the conviction constitutionally infirm. The district court[1] denied relief. We affirm.

In December of 1978 petitioner and one Tony Dean Walker were charged with kidnapping and battery in the first degree. The charges stemmed from an incident in which an automobile was commandeered; one of the occupants subsequently suffered a gunshot wound. Following a joint jury trial, Spillers was convicted of false impris-

1. The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

Spillers's habeas action was referred to a United States Magistrate who, after an eviden-

tiary hearing, proposed to dismiss the petition. This proposal was adopted by the district court, and judgment was entered accordingly.

onment in the first degree[2] and battery in the first degree. Walker was found guilty of false imprisonment in the second degree.

On direct appeal, the Arkansas Supreme Court affirmed Spillers's conviction. *Spillers v. State,* 268 Ark. 217, 595 S.W.2d 650 (1980). Spillers then initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. As stated, the district court denied relief. This appeal followed.

### THE PRETRIAL AGREEMENT.

While in custody, both Spillers and Walker apparently supplied written statements to the authorities. Prior to trial, an oral agreement concerning the use of these statements was reached; although the existence of the agreement is undisputed, the parties disagree as to its scope. Spillers contends the arrangement precluded any use of the custodial statements. The state, in contrast, argues only the introduction of the written statements themselves was barred, thus allowing their use for purposes of impeachment. Spillers focuses on two references to these statements at trial, which he asserts constitute breaches of the pretrial agreement.

During its opening statement, the prosecution stated:

> After staying in jail for a number of days, Mr. Walker revealed who the other individual in the car was, the individual, the defendant, Eugene Spillers.

A second reference, this time to Spillers's own custodial statement, was made during the state's cross-examination of Spillers. The prosecutor, during questioning concerning the automobile's destination on the night of the incident, noted several inconsistencies between the prior statement and Spillers's testimony with respect to the direction traveled by the vehicle and the location of certain roads. Spillers contends the state breached the pretrial agreement in making these references to the custodial statements. This breach, he asserts, denied him due process of law.

Even assuming that the parties' agreement precluded the use of the codefendants' custodial statements in the above circumstances, we cannot say the district court erred in denying relief. No prejudice has been demonstrated with respect to the initial alleged breach of the agreement. The effect of the prosecutor's reference in his opening statement was to place Spillers at the scene of the incident. Spillers's defense at trial—that the shooting was accidental—was not compromised by the remark. Further, four prosecution witnesses identified Spillers at trial as having been an occupant of the vehicle in which the incident occurred. In these circumstances, the prosecutor's reference to Walker's custodial statement in his opening statement could not have prejudiced Spillers. *Cf. United States v. Jackson,* 621 F.2d 216, 220 (5th Cir. 1980) (in the absence of resulting prejudice, trial court's decision to release a party from pretrial agreement should not be reversed).

No objection was interposed concerning the second alleged breach of the pretrial agreement—the prosecutor's references to Spillers's custodial statement during cross-examination. In the absence of a timely and specific objection, Arkansas law precludes appellate consideration of this issue. *See, e.g., Hathcock v. State,* 256 Ark. 707, 510 S.W.2d 276, 279 (1974). In light of this rule, federal habeas review of Spillers's claim is precluded unless both cause for the failure to object and actual prejudice resulting from the purported constitutional violation are established. *Wainwright v. Sykes,* 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–2508, 53 L.Ed.2d 594 (1977); *see Graham v. Mabry,* 645 F.2d 603, 605–06 (8th Cir. 1981). No cause for the failure to object has been demonstrated in this case. Consequently, use of the custodial statement during cross-examination may not be challenged in this proceeding.[3]

---

2. At trial, the codefendants' motion for directed verdict on the kidnapping charge was granted. Consequently, charges of battery and false imprisonment, a lesser included offense of kidnapping, were submitted to the jury.

3. Because Spillers has not satisfied the "cause" requirement of *Sykes,* it is unnecessary to determine whether he was actually prejudiced by the references to his custodial statement during

By our decision here we do not mean to sanction cavalier treatment of pretrial agreements. To the contrary, such agreements, once executed, ordinarily should be adhered to scrupulously. Nonetheless, to whatever extent the pretrial agreement was breached, the absence of resulting prejudice and noncompliance with the state contemporaneous objection rule precludes habeas relief in the instant case.

## VOLUNTARINESS OF THE CUSTODIAL STATEMENT.

As indicated, Spillers also contends that because the state trial court made no determination of the voluntariness of his custodial statement, the state criminal conviction is constitutionally infirm. We cannot agree.

The record discloses that Spillers neither moved to suppress his custodial statement nor requested a determination of its voluntariness. Consequently, this issue was never specifically raised before the state trial court, as is required under Arkansas law. See, e.g., Selph v. State, 264 Ark. 197, 570 S.W.2d 256, 260 (1978). As a result, federal habeas corpus review of the voluntariness of Spillers's statement is precluded absent satisfaction of the "cause"-"actual prejudice" standard of Wainwright v. Sykes, 433 U.S. at 87, 97 S.Ct. at 2506.

Spillers urges that no motion to suppress was filed in this case due to his reliance on the pretrial agreement that the custodial statement would not be utilized at trial. This detrimental reliance, he asserts, adequately excuses the failure to seek suppression or a determination of voluntariness. We find this contention unpersuasive. Even assuming Spillers's reliance on the pretrial agreement would constitute cause for the failure to file a suppression motion before trial, there is nothing to indicate he was prevented from raising the voluntariness issue once the agreement had been breached. See Ark.Stat.Ann. § 43–2105; Ark.R.Crim.P. 16.2(b). Under these facts, we cannot say that Spillers has demonstrat-

ed adequate cause for the failure to raise the voluntariness issue during his state criminal trial. Consequently, review of his claim is not available in this proceeding. Sykes, 433 U.S. at 87–91, 97 S.Ct. at 2506–2508; Graham v. Mabry, 645 F.2d 603, 605–06, 608 n. 3 (8th Cir. 1981).

## CONCLUSION

In sum, the district court did not err in denying habeas relief in this case. Accordingly, its judgment is affirmed.

---

cross-examination. See Graham v. Mabry, 645 F.2d 603, 608 n. 3 (8th Cir. 1981). Nonetheless, we have examined these remarks and find

them to be harmless beyond a reasonable doubt.