Keith HARROD *v.* STATE of Arkansas

CR 85-35                                                691 S.W.2d 172

Supreme Court of Arkansas
Opinion delivered June 17, 1985
[Rehearing denied September 16, 1985.*]

---

* Purtle, J., not participating.

278

*Arnold, Hamilton & Streetman*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant was convicted of manufacturing six pounds of marijuana, a controlled substance, fined $25,000, and sentenced to four years in the Department of

Correction. He was also convicted of possession of marijuana and fined $1,000. On appeal he argues five points of error. We affirm the judgment.

## I

Appellant insists that on August 2, 1983, when the alleged offenses occurred, they were neither felonies nor misdemeanors under Act 590 of 1971, [Ark. Stat. Ann. § 82-2601 et seq. (Repl. 1976)], as amended by Act 417 of 1983 [Ark. Stat. Ann. § 82-2617(a) (Supp. 1983)]. Appellant cites Schedule VI of Act 590, which provides that an offense involving less than ten pounds of marijuana is subject to a sentence of imprisonment of four to ten years. But because the words "in the penitentiary" are absent, and because Schedule VI does not expressly state the listed offenses are felonies, appellant claims they are not felonies. He relies on *Bennett* v. *State*, 252 Ark. 128, 477 S.W.2d 497 (1972).

We decline to address the point. Appellant agrees the issue was not presented to the trial court, but he urges that under our holding in *White* v. *State*, 260 Ark. 361, 538 S.W.2d 550 (1976) the error is jurisdictional and can be raised at any time. However, in oral argument appellant conceded the trial court would be without subject matter jurisdiction *only* if the offenses were neither felonies nor misdemeanors, and while we do not decide the felony issue, we reject the argument that these offenses are neither. It follows the appellant should have preserved the point for appellate review by first presenting it to the trial court. *Wickes* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

## II

Appellant moved to quash the jury panel because the procedures prescribed by the Arkansas Jury Wheel Act of 1969, Ark. Stat. Ann. § 39-201.1 et seq. (Supp. 1983) were not followed. He charges that jurors were selected for a term of court rather than for the calendar year 1984, and because individuals whose names were selected by lot from the wheel were excused without any notation being made as to why they were excused. His motion was denied by the trial court.

On appeal, appellant argues additional violations, but we will consider only those made to the trial court. Neither point establishes reversible error, as there was nothing detrimental to

the jury selection process in either case. The fact that jurors were called for a February 24, 1984 term of court rather than for the calendar year in general does not offend the spirit of the jury wheel act. It is undisputed that the requisite number of names was placed in the wheel.

■ The failure to list the names in the jury book of the twenty-three veniremen who were excused from serving as jurors, or to record the reasons for their excusal, is of greater concern. However, the names were recorded in a file retained by the clerk, as well as the reasons for excusal in all but a single instance, on individual questionnaires, which were also kept in a separate file. Thus, this information was available though not in the precise form contemplated by the jury wheel act.

We held in *Horne* v. *State*, 253 Ark. 1096, 490 S.W.2d 806 (1973) and in *Shelton* v. *State*, 254 Ark. 815, 496 S.W.2d 419 (1973), that the requirements of the jury wheel act are mandatory. But the deviations in those cases were more significant. In *Horne*, the circuit judge did not require a new list of jurors on entering a new year, he simply instructed the commissioners to add seventy-four names to the wheel, to correspond to the number of names withdrawn from the wheel during the previous year. In *Shelton*, the proof showed that a chancellor withdrew ninety-six names from the wheel for use in eminent domain cases awaiting trial. The names were not placed in the jury book and after their use in the condemnation cases, the names were discarded so that they were no longer available for use. There were other infractions in *Shelton*, but out criticism was aimed primarily at the failure to return the ninety-six jurors to the panel for future use in other trials.

■ After *Horne* and *Shelton*, *Huckaby* v. *State*, 262 Ark. 413, 557 S.W.2d 875 (1977) was decided. *Huckaby* is factually closer to this case, in that the jurors names were not recorded in the jury book, but were kept on a separate list. In *Huckaby* we recognized that some sections of the jury wheel act are more important than others and not every provision is mandatory. We found substantial compliance in *Huckaby* and held that to be sufficient. We think the same is true of the procedures followed here.

## III

Appellant was granted a change of venue from Bradley County, where he was charged, to Drew County, where he was tried and convicted. Sentencing was postponed and then for reasons not explained in the record, sentencing was conducted in Bradley County, where appellant was permitted to present the testimony of several character witnesses.

■ Appellant argues that Bradley County lacks jurisdiction to sentence him on a Drew County verdict. We find no merit in appellant's assertion that he had no opportunity to object. He was present at the sentencing with counsel and could hardly have been unaware that he was in Bradley County rather than Drew County. Had he objected to the proceeding, doubtless sentencing would have been transferred to Drew County. *Renfro* v. *State*, 264 Ark. 601, 573 S.W.2d 53 (1978).

## IV

We find no merit in appellant's next argument, that the trial court erred in permitting an expert witness for the state to testify to the weight of the marijuana and in admitting the marijuana in evidence. The witness, a chemist from the State Crime Laboratory, testified he took random samples from the two bags, which included "small portions of stems," and identified the material as marijuana based on laboratory tests. He estimated the stems to constitute ten to forty percent of the material in the bags.

■ Because the witness could not state precisely what percentage of the mass was marijuana stems, as opposed to leaves, appellant objected to the introduction of the marijuana, arguing that only the active marijuana plant was admissible. Article I, Section 1 of the Controlled Substance Act defines marijuana as all parts of the plant cannabis containing THC, but not including the mature stalks or fibre produced from the stalks. There was no evidence the mass contained mature stalks of marijuana plants, or fibre produced from stalks, and the witness testified that all of the material contained THC, the active ingredient in marijuana. The admission of the evidence was not error.

## V

Appellant's remaining point concerns a witness called by the defense, Carrie Mae Sellars. The name of this witness was not disclosed to the state in accordance with a pre-trial order and the state objected when she was called to testify. A recess was taken to give the state an opportunity to interview Ms. Sellars and there was considerable discussion in chambers concerning the testimony she was expected to give. Ms. Sellars would have testified that her brother-in-law, Buddy James Sellars, worked on appellant's farm in 1983, that he told her he was convicted of selling "dope" to an undercover agent and given a three year suspended sentence. Sellars violated his parole and on May 7, 1984 was sentenced to four years in the penitentiary. The inference of this proof, we take it, would have been that Sellars could have grown the marijuana rather than the appellant.

At one point in chambers the trial judge indicated an intention to permit the testimony, but then changed his mind with a comment the proffered testimony was hearsay.

Appellant argues the proof should have been admitted as an exception to the hearsay rule, as a declaration against interest by an unavailable witness. Unif. R. Evid. 804(b)(3). The state contends the statement, if made, was not against the interest of Sellars since he had already been convicted and sentenced for the offense.

■ We need not settle that dispute, as the trial court also referred to the failure to disclose the name of the witness and the remoteness of the proof to the issues on trial as a basis for its rejection and we find no abuse of discretion on either ground.[1] *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980).

The judgment is affirmed.

---

[1] Page 516 of the record.