Bobby Gene CROSSNO *v.* STATE of Arkansas

CA CR 85-32 692 S.W.2d 626█

Court of Appeals of Arkansas
En Banc
Opinion delivered July 10, 1985

*John W. Settle*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant raises two points for reversal of his conviction on charges of possession of marijuana with intent to deliver and delivery of marijuana. We find no merit in his arguments, and we accordingly affirm the judgment of the lower court.

Testimony at appellant's trial disclosed that after an undercover police officer purchased marijuana from appellant, police obtained a search warrant and seized more marijuana from appellant's residence. A chemist from the State Crime Lab testified that he analyzed the contents of four bags out of nine submitted by the Fort Smith police department and determined that the vegetable matter within was marijuana. Over appellant's objection, all the bags taken from his house were introduced into evidence. Appellant, testifying in his own behalf, admitted possessing and selling the marijuana. The jury found him guilty under Ark. Stat. Ann. § 82-2617(a) (Supp. 1983) of two separate offenses (mentioned above) and sentenced him to four years imprisonment. Following the jury's recommendation, the judge suspended three of the four years.

In his first argument, appellant contends that his verdict and sentence was illegal and excessive as the statute under which he was charged does not specify that possession with intent to deliver and delivery of marijuana is a felony. Marijuana is classified as a Schedule VI controlled substance under Ark. Stat. Ann. § 82-2614.2 (Supp. 1983). While the manufacture, delivery, or posses-

sion with intent to manufacture or deliver controlled substances listed in Schedules I-V entails upon conviction class Y, B, or C felony liability, prison terms and fines are graded according to the amount of Schedule VI controlled substances involved under § 82-2617, and no single class of felony is indicated. According to appellant, who cites *Bennett* v. *State*, 252 Ark. 128, 477 S.W.2d 497 (1972), the absence of a felony classification automatically reduces the offenses of which he was convicted to misdemeanors.

Appellant failed to address this issue at trial. The same argument was made under the same circumstances in *Toland* v. *State*, 285 Ark. 415, 688 S.W.2d 718 (1985). There, the Supreme Court said, "We do not find in the abstract or record that this argument was presented to the trial court. Therefore, it cannot be raised for the first time on appeal."

Although appellant acknowledges that this point was not argued at the trial level, he contends that under *White* v. *State*, 260 Ark. 361, 538 S.W.2d 550 (1976), the error is jurisdictional and, in the words of that case, "can be raised at any time, even after a guilty plea, by certiorari." We would note, however, that appellant has raised the matter on direct appeal rather than by certiorari.

Moreover, the Arkansas Supreme Court, in *Harrod* v. *State*, 286 Ark. 277, 691 S.W.2d 172 (1985), dismissed Harrod's reliance on *White* in the following language:

> [I]n oral argument appellant conceded the trial court would be without subject matter jurisdiction *only* if the offenses were neither felonies nor misdemeanors, and while we do not decide the felony issue, we reject the argument that these offenses are neither. It follows the appellant should have preserved the point for appellate review by first presenting it to the trial court. *Wickes* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Appellant in the instant case has not argued that the offense of which he was convicted is *neither* a felony nor a misdemeanor. Rather, he contends that the trial court exceeded the bounds of its authority in imposing a felony sentence for what he insists is a misdemeanor. On the basis of both *Toland, supra*, and *Harrod, supra*, we must reject his argument because it was not preserved

for appeal.

■ Appellant's second point for reversal is that the trial court erred in allowing into evidence the bags that had not been tested by the Crime Lab's chemist. He asserts that the untested substances were irrelevant evidence under URE Rule 401, or, in the alternative, prejudicial, confusing, and misleading under URE 403. The bags sent to the Crime Lab, however, were all seized at the same place and the same time. Defense counsel did not object to the chain of custody, and nothing in the record suggests that anyone substituted something other than marijuana in the untested bags. Hence, the trial judge could conclude from the representative sampling and testing that the remaining bags also consisted of marijuana. *See Mullins* v. *State*, 277 Ark. 93, 639 S.W.2d 594 (1982). The evidence was therefore admissible.

Affirmed.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. ■ The majority opinion recognizes that the appellant "contends that the trial court exceeded the bounds of its authority in imposing a felony sentence for what he insists is a misdemeanor." In response to appellant's argument that this is a jurisdictional issue that can be raised for the first time on appeal, the majority cites the recent case of *Harrod* v. *State*, 286 Ark. 277, 691 S.W.2d 172 (1985). In that case the appellant contended his convictions for manufacturing and possessing marijuana should be reversed because, when the alleged offenses occurred, they were neither felonies nor misdemeanors. The Arkansas Supreme Court held this issue could not be raised for the first time on appeal since the appellant conceded that the trial court would have been without jurisdiction *only* if the offenses were neither felonies nor misdemeanors and the appellate court rejected the argument that they were neither.

However, the appellant's argument in the instant case is that the trial court did not have the authority to sentence him to the Arkansas Department of Correction for what he contends is a misdemeanor. This is not an unreasonable position in light of Ark. Stat. Ann. § 41-902 (Repl. 1977) which provides that a defendant convicted of a *felony* and sentenced to imprisonment "shall be

committed to the custody of the Department of Correction" and a defendant convicted of a *misdemeanor* and sentenced to imprisonment "shall be committed to the county jail or other authorized institution designated by the court."

The answer seems to be that the lack of "authority" is not the same as lack of "jurisdiction" and it is only lack of "jurisdiction" that can be raised on direct appeal for the first time. This, I think, explains the cases cited by appellant.

Thus in *Haskins* v. *State*, 264 Ark. 454, 572 S.W.2d 411 (1978), the statutory requirement that a revocation hearing shall be conducted within 60 days after the defendant's arrest was not a jurisdictional limitation, and, therefore, the failure to have a hearing within that period could not be questioned for the first time on appeal. So, in the instant case, the appellant was convicted of an offense and the court had the jurisdiction to sentence him. Therefore, he could not, for the first time on appeal, question the sentence imposed.

In *White* v. *State*, 260 Ark. 361, 538 S.W.2d 550 (1976), the defendant was found guilty of a misdemeanor offense—possession of marijuana—and in a direct appeal he made, for the first time, the argument that mere possession of marijuana was not a misdemeanor. The Arkansas Supreme Court agreed possession was not a misdemeanor and said, "We find no merit to the contention that the issue was not properly raised in the trial court." Thus, in that case, the direct appeal was allowed because the defendant was simply not charged with an offense and, therefore, the court had no jurisdiction to convict him.

*White* also cited *Switzer* v. *Golden*, 224 Ark. 543, 274 S.W.2d 769 (1955), which is somewhat like the case at bar. There the trial court had "exceeded its jurisdiction in sentencing the defendant to the penitentiary on a plea of guilty to a felony when he was only charged with a misdemeanor." However, unlike the case at bar, *Switzer* was not a direct appeal but was before the Arkansas Supreme Court on writ of certiorari. This also explains *Robinson* v. *State*, 279 Ark. 61, 648 S.W.2d 446 (1983), where a defendant had been sentenced in violation of the statutory law but did not raise the issue on appeal. Nevertheless, in a petition for postconviction relief under A.R.Cr.P. Rule 37, the court set aside the improper portion of the sentence. *See also Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982). It should be noted, however, that

the instant case is a direct appeal and not governed by the same rule as governed *Switzer, Robinson,* and *Rowe.*

The case of *Griffin* v. *State,* 2 Ark. App. 145, 617 S.W.2d 21 (1981), cited by appellant stands on a different footing. The appellant says that case was remanded for resentencing even though the appellant there was raising the point for the first time. But the opinion in that case points out that the appellant did make objections to the sufficiency of the evidence to support the crime for which the appellate court held he had been erroneously sentenced, and this was found to be enough to raise the issue on appeal.

A case not cited by appellant, but worth noting, is *Walton* v. *State,* 279 Ark. 193, 650 S.W.2d 231 (1983), where the appellate court held the trial court was wrong on a point the opinion specifically states was raised on appeal for the first time. In that case, however, the court had already said the case had to be reversed for a new trial and, apparently, the court simply passed upon the point raised because the case was being reversed anyway.

I concur in the result of the majority opinion but submit the above in an attempt to reconcile the cases that have been cited to us in this case, as well as in other cases, as authority for appellate review of points raised for the first time on appeal.